(5 App. Div. 206.)

NICOLL v. HAAS.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

1. ACCOUNT STATED—PLEADING—SUFFICIENCY OF AVERMENT.
    A complaint to recover for services rendered by plaintiff as a physician, which, after stating in full the facts constituting the cause of action, avers that it "stands as account stated by bills rendered and agreed to," is not

an allegation that an account was stated between the parties, but is only a statement of plaintiff's conclusion.

2. REFERENCE—EXAMINATION OF LONG ACCOUNT.

Where a complaint to recover for services as a physician alleges the facts constituting the cause of action, and bills of particulars are served showing 40 items, and the answer admits that "certain" services were rendered, but does not admit the services as alleged in the complaint and shown in the bills of particulars, and denies any knowledge or information sufficient to form a belief as to whether "said services and disbursements are shown in detail" in the bills of particulars, a motion by plaintiff for a reference on the ground that the examination of a long account is required will not be denied on the ground that the items of service are undisputed, and that only the value of the items is put in issue.

Appeal from special term, New York county.

Action by Henry D. Nicoll against Anna L. Haas for services rendered by plaintiff as a physician. From an order denying a motion for a reference, plaintiff appeals. Reversed.

The complaint was as follows:

The plaintiff above named, by Perkins & Jackson, his attorneys, complaining of the above-named defendant, respectfully shows to this court as follows, to wit: (1) That heretofore, at all times hereinafter mentioned, plaintiff was and is, by profession, a physician practicing in and about the city of New York. (2) That at divers and sundry times prior to July 1, 1890, plaintiff, at the special instance and request of the defendant, personally, and through Dr. Outerbridge, his assistant, rendered certain services to her, as her physician, amounting to two hundred and eighty-seven dollars ($287), which services were reasonably worth the said sum of two hundred and eighty-seven dollars ($287), which defendant agreed to pay, and of which payment has been demanded repeatedly by plaintiff from defendant, but no part of which has been paid by the defendant to the plaintiff, excepting the sum of two hundred dollars ($200) paid by defendant, on account, on the 7th day of January, 1895, all of which stands as account stated by bills rendered and agreed to. For a second and separate cause of action: (3) That between the 30th day of October, 1890, and the 27th day of March, 1891, plaintiff, at the special instance and request of defendant, personally, and through his assistant, Dr. Outerbridge, rendered services, as a physician, to her son, to her daughter, and to herself, and incurred certain disbursements in connection therewith, for which the defendant agreed to pay the plaintiff, and which services were reasonably worth the sum of five hundred and twenty-three dollars ($523), and the said disbursements amounted to the sum of twenty-nine dollars and fifty cents ($29.50); said services and disbursements being shown in detail in the bill of particulars hereto annexed, and hereby made a part of this complaint. (4) No portion of said five hundred and fifty-two dollars and fifty cents ($552.50) has ever been paid, although payment thereof has been repeatedly demanded by plaintiff, and refused by defendant. Wherefore, plaintiff demands judgment against the defendant in the sum of six hundred and thirty-nine dollars and fifty cents ($639.50), with interest on eighty-seven dollars, parcel thereof, from the 1st day of July, 1890, and on five hundred and fifty-two dollars and fifty cents ($552.50), balance thereof, from the 1st day of July, 1891, besides the costs and disbursements of this action.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

E. C. Perkins, for appellant.
F. H. Knight, for respondent.

BARRETT, J. The plaintiff's first cause of action is not upon an account stated. It is for professional services. Under the averments upon that head, the plaintiff will be required to prove every

one of the numerous items of his special bill of particulars. After fully alleging the facts constituting his cause of action for these professional services, the plaintiff adds these unnecessary and irrelevant words: "All of which stands as account stated by bills rendered and agreed to." The defendant claims for these words the effect of a formal plea of an account stated. But there is here no allegation that an account was stated between the parties. The statement is that certain evidential incidents "stand" therefor. The words really amount to nothing more than the plaintiff's conclusion as to the effect of a part of his evidence. Having fully stated his real cause of action, he adds that he has rendered bills therefor, which were agreed to, and that thus this cause of action "stands as account stated." This is pleading evidence, and a conclusion therefrom. But it is not a substantial plea of an account stated. Upon the merits the case is within the principle of Richards v. Stokes, 1 App. Div. 305, 37 N. Y. Supp. 246.

The items in the bills which constitute the two causes of action are upwards of 40. The defendant has put the items of services in issue (for the purposes of the trial), as well as the value. She admits that plaintiff rendered "certain" services, and thus, it is true, admits the averment on that head as phrased in the complaint. But she does not admit the "services and disbursements" which, as the complaint states, are shown in detail in the bill of particulars thereto annexed, and made a part thereof. On the contrary, she denies any knowledge, or information sufficient to form a belief, as to whether "the said services and disbursements are shown in detail" in said bill of particulars. Thus we have not only a regular physician's account, and that a long one, properly itemizing each visit, but an account which covers services rendered separately to three persons by the plaintiff and his two assistants. The defendant contends that the items of service are undisputed, and that the issue relates solely to their value. But in this she is not borne out by the pleadings and the affidavits; nor did she offer a stipulation to admit all these items, and rest her defense solely upon their value.

Upon the case, as presented, the action is upon the plaintiff's account, and its examination is the immediate object of the action. It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion for a reference granted. All concur.