THE C. AND C. ELECTRIC COMPANY, Respondent, *v.* WALKER COMPANY, Appellant.

*Compulsory reference — denied where a long account is only incidental.*

An action, in which the relief demanded is a judgment for the amount of certain royalties, is purely an action at law; and where an account is sought as to the articles manufactured and sold by the defendant, subject to such royalties, the account is not the immediate object of the action, but is merely an incident thereto, required as evidence to enable the plaintiff to fix the amount of the recovery to which he is entitled, and does not justify the court in ordering a compulsory reference of the issues in the action.

APPEAL by the defendant, the Walker Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of October, 1898, directing a compulsory reference of the action and all the issues therein.

*Nelson Smith*, for the appellant.

*Benjamin F. Lee*, for the respondent.

RUMSEY, J.:

The complaint, after the formal allegation as to the organization of the parties, alleges that the plaintiff, being the owner of certain letters patent of the United States for brush holders, made an agreement with the Walker Manufacturing Company, whereby, in consideration of a royalty to be paid by the defendant to the plaintiff of twelve cents per kilowatt of the commercial rating of all generators, and eight cents per kilowatt of the commercial rating of railway motors, the plaintiff granted to the Walker Manufacturing Company the right and license to manufacture and use the brush holders upon which the plaintiff had its patent; that the Walker Manufacturing Company promised to pay the royalty above stated, and further, that on the fifteenth day of each month it would render a statement of all generators or motors, specifying the capacity of the same in kilowatts, sold during the preceding month upon which the royalty should be payable, and that it would pay the said royalties. The agreement further provided that the Walker Manufacturing Company

would, at all reasonable times, give to the plaintiff, or its agents, power and authority to investigate its books for the purpose of ascertaining all the improvements and inventions manufactured and sold by it under the letters patent of the plaintiff. It is alleged that the Walker Manufacturing Company assigned to the Walker Company all its rights under the contract, and that company assumed all the obligations of the Walker Manufacturing Company. The complaint then contains allegations to the effect that the Walker Company entered upon the performance of the contract, and manufactured and sold brush holders under these inventions, and that, since the 1st of September, 1897, it has manufactured brush holders, etc., for which it had failed and omitted to render statements to the plaintiff, or which it had failed or omitted to include in statements rendered, or for which it had not paid the royalties; that certain statements had been rendered, but they did not include all the brush holders manufactured under the patent and for which royalties had been paid; that since the 1st of January, 1898, the defendant had manufactured and sold brush holders under the invention, for which it had omitted and refused to render any statements or to pay any royalties, although the royalties and statements had been demanded. The complaint contains a further allegation to the effect that the generators and motors, to which the brush holders were applied, are used in very many different places throughout the United States, and are of such a nature that they are difficult to discover, examine and inspect and are not readily accessible, and for that reason the plaintiff has been unable to discover the extent of the manufacture and sale of the brush holders by the defendant or the amount of royalties due; and that, in order to ascertain such facts, it would be necessary to examine the books of account of the defendant, and to examine upon oath the officers and employees of the defendant having knowledge of the facts touching the matters and things thereinbefore set forth. It is not alleged in the complaint that the plaintiff had ever made any request to be permitted to examine the books of the defendant, or that any such examination had been refused. The relief asked is, that the defendant render to the plaintiff a just and full account of the generators manufactured, pursuant to the contract, in considerable detail, and the amount of the royalties due thereon; and that the

defendant make a discovery of all those facts which the plaintiff is entitled to know pursuant to the contract; and that an account be taken of the amount of royalties due to the plaintiff, and that the plaintiff have judgment against the defendant therefor.

Certain allegations of this complaint were put in issue by the defendant, and thereupon a motion was made by the plaintiff for an order of reference upon the ground that the examination of a long account was involved, which motion was granted, and from the order granting it this appeal is taken.

The action evidently is brought upon the theory that the plaintiff is entitled to a statement of the number of brush holders manufactured by the Walker Company and upon which royalties could be estimated. That it is so entitled, pursuant to the terms of the contract, cannot be disputed, and, if such an account had been given or the plaintiff had examined the books of the defendant and ascertained the amount of royalties to which it was entitled, it could undoubtedly have maintained an action at law for the recovery of that amount. If the plaintiff, having received no account, had brought an action for the amount of royalties, it would have been entitled, under sections 803 and 804 of the Code of Civil Procedure and general rule 14, to a discovery and inspection of the defendant's books to enable it to prove upon the trial the amount of royalties to which it would be entitled, by showing the quantity of brush holders manufactured and the other facts necessary to establish its cause of action. Instead of pursuing this remedy, the plaintiff has seen fit to bring an action in the nature of a bill of discovery and incidentally to demand the final relief to which it would have been entitled upon obtaining a bill of discovery in equity. But a bill of discovery as an incidental remedy, as this clearly is, has been abolished (Code Civ. Proc. § 1914), and no such action can now be maintained. While the plaintiff asks for a discovery in this action, yet, in the last analysis, the relief which it seeks is a judgment for the amount of the royalties. Such an action is purely an action at law and nothing else. The account which it seeks is merely an incident to its action to enable it to measure accurately the amount of the judgment to which it will be entitled. The action is brought to recover a sum of money, the amount of which is, to be sure, gauged by the figures that will be disclosed by the account,

but it is not money for anything that the account will show. The account is not the ground of the action. Any fact which that account will reveal is not the ground of the action. The plaintiff does not seek to make the defendant liable for anything that will be shown by the account, but only what the account will disclose to affect the magnitude of the sum which the defendant will be compelled to pay. (*Camp* v. *Ingersoll*, 86 N. Y. 453.) In that action it was held that the section of the Code (§ 1013) which authorizes a compulsory reference because the examination of a long account is involved, only applied where the account to be examined must be the immediate object of the action and must be directly and not collaterally involved, that is, the action is referable only where it is brought to recover the different items of an account. Where the account is to be examined for any other purpose, so that it is only evidence upon which the plaintiff relies to fix the amount of his recovery, the action is not referable. If, in this case, the agreement had provided the payment of a lump sum yearly for the use of the patent, no one would claim that the action was anything more than an action at law for the amount of royalty to be paid. So, also, if the plaintiff knew the number of brush holders which had been made and sold under the patent, the action would still be an action at law for the amount to which it was entitled. The difference between the two cases suggested and the case at bar, is that the plaintiff would have the necessary information to prove how much it is entitled to. That fact does not change the nature of the action. That information is to be obtained, not by an action in the nature of a bill of discovery, but solely by a motion in this action, either made before pleading upon the ground that the plaintiff has not the necessary information to enable it to frame a complaint, or after issue was joined, upon the ground that the evidence is necessary to enable it to prove its case. The only thing lacking to enable the plaintiff to make out its proof, so far as appears, is an examination of the books of the defendant. By the contract it is entitled to that examination, and there is nothing in the pleading from which it can be inferred that it would not get the examination by asking for it. But whether it would or not, it clearly is entitled to it by making proof that such an examination is necessary to enable it to prove its case. The whole scope of the action, there-

fore, is reduced to one at law for the royalties, and it is clearly within the principle laid down in the case of *Camp* v. *Ingersoll* (*supra*) in which it was held that it was erroneous to grant an order of reference.

We have examined the case of *Genet* v. *Pres., etc., D. & H. C. Co.* (10 N. Y. St. Repr. 35) and we cannot see that it is in point upon this question. In the report of that case, no facts are stated except such as appear in the very brief opinion of the court.

It is there said that the action was brought for an accounting and the case was decided upon that theory. As I have shown, this action was not brought for such a purpose, but was a simple action at law to recover a sum of money. For that reason that case is not decisive here.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Barrett, Ingraham and McLaughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.