(29 Misc. Rep. 439.)

SMITH v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, Onondaga County.   November, 1899.)

COMPULSORY REFERENCE.
   An action brought to recover for 2,364 hours of labor claimed to have been
   rendered by a brakeman to a railroad company in excess of work days of
   10 hours each within 12 consecutive hours, and performed at different times
   during a period of 7 years, will be referred, on motion of defendant, un-
   der Code Civ. Proc. § 1013, providing for a compulsory reference where the
   trial will require the examination of a long account, and will not require
   the decision of difficult questions of law.

Action by William E. Smith against the New York Central &
Hudson River Railroad Company.   Defendant moved for a com-
pulsory reference.   Motion granted.

Alexander H. Cowie, for the motion.
Frank C. Sargent, opposed.

HISCOCK, J.   I see no good reason why this motion should not
or cannot be granted.   The action is brought under chapter 711,
Laws 1892, and chapter 415, Laws 1897, to recover for 2,364 hours of
labor claimed to have been performed by plaintiff for defendant in
excess of work days of 10 hours each within 12 consecutive hours.
The extra services are claimed to have been performed by plaintiff
as freight brakeman and conductor upon defendant's road during the
period extending from January 15, 1892, to April 2, 1899.   Their per-
formance is denied by defendant's answer.   The sole and direct ob-
ject of the action is to recover for these alleged services.   It is true
that, in order to do this, plaintiff will be compelled to establish, in
addition to their performance, certain other things,—as that he was
not working under a mileage system permitted by the statute, and
that his work of extra hours was not due to unavoidable accident,
etc.   But these facts will be proved, if at all, to enable him to re-
cover upon his alleged claim and cause of action, which is 2,364
hours' work.   The action involves that account as its direct and
substantial issue.   In this respect it differs from C. & C. Electric
Co. v. Walker Co., 35 App. Div. 426, 54 N. Y. Supp. 810, cited by plain-
tiff in opposition to this motion.   In that case it was specifically held,
in denying a similar motion, that no account was the direct object
of the action; that, if any was involved, it was collaterally and in-
cidentally.   The action at bar seems to present, in respect to this
motion, the familiar features of a referable action upon an account
for services, and of which an illustration is found in Nicoll v. Haas,
5 App. Div. 206, 39 N. Y. Supp. 205.   The trial will not involve the
decision of any difficult questions of law.   It would appear that such
questions would be simple enough.   The main controversy will ap-
parently be over questions of fact.   There is no doubt as to the ad-
visability of a reference.   While there may not be as many items as
there are hours of extra service claimed, it cannot be otherwise
than that there will be a great number of items, extending over a
long period of time.   It would be practically impossible for a jury

to distinguish and intelligently pass upon them.   The motion is granted, with $10 costs of motion to abide event.

Motion granted, with $10 costs to abide event.