BOISNOT v. WILSON.

(Supreme Court, Appellate Division, First Department. June 24, 1904.) .

1. TRIAL—REFERENCE—ACCOUNTING.
    Where an action was to recover a sum alleged to be due plaintiff under a contract under which he had managed defendant's business in consideration of a share of the profits, and· the answer admitted the employment. so that the substantial question was the amount of the profits, a reference to take the account should have been granted.

Appeal from Special Term, New York County.

Action by Harry S. Boisnot against William Wilson. From an order denying a motion for a reference, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William B. Ellison, for appellant.
Walter D. Clark, for respondent.

INGRAHAM, J.    The action is to recover a sum of money based upon a contract of employment, whereby the plaintiff employed the defendant to take charge of and manage his business as a druggist at Broadway and Thirty-Fourth street, in the city of New York, and agreed to pay the plaintiff for his services one-third of the profits of the said business, and in addition thereto the sum of $125 per month. The complaint set out the contract, and alleged that the plaintiff entered into such employment on the 15th day of December, 1889, and continued therein until the 1st of November, 1903; that the profits of said business during the period the plaintiff was so engaged in the performance of his said duties from the 15th day of December, 1889, to the 1st day of November, 1903, amounted to the sum of $138,577.08; that there became due to the plaintiff from the defendant on account of said profits and monthly payments the sum of $67,067.36, no part of which has been paid save the sum of $34,067.56, and the plaintiff demands judgment against the defendant for $33,000. The answer denies each and every allegation of the complaint, except that he admits that the sum of $34,067.36 has been paid by the defendant to the plaintiff; sets forth

several affirmative defenses, and a counterclaim based upon a sale by the defendant to the plaintiff of certain goods, wares, and merchandise for which the defendant claims the plaintiff promised and agreed to pay to the defendant the sum of $2,142.48, and he demands an affirmative judgment against the plaintiff for that sum. To this the plaintiff interposed a reply. Upon the pleadings and an affidavit that the trial would require the examination of a long account, which would embrace an accounting of the business covering a period of more than 13 years, and would necessitate the examination of more than 600 statements of weekly sales made up and delivered by the plaintiff to the defendant as his manager, and the examination of more than 1,000 bills of goods sent by the defendant and charged by him against the business conducted by the plaintiff, the plaintiff made a motion to refer the issues for trial. The court denied the motion upon the ground that, as the contract relied upon is undisputed, and an accounting will be necessary only in the event of the plaintiff succeeding on the main issue, a compulsory reference should not be ordered.

This action is one at law. It must be tried by a jury, and upon the trial the plaintiff will not only have to prove his contract, but will have to prove the amount due him under it. Then, if the defense of the statute of limitations is successful as to a portion of the plaintiff's claim, the question of the amount due the plaintiff would depend upon the profits during the years not barred by the statute of limitations. Thus, from the very nature of the contract alleged, the amount due to the plaintiff is to be determined upon an ascertainment of the profits of the store of which the plaintiff was the manager, and it is entirely clear that this question cannot be intelligently tried by a jury. The rule announced by the court below would be correct if the action was for an accounting, where the right to an accounting should be determined by the court upon the trial, and, in the event that an accounting was necessary, the account could be directed by an interlocutory judgment; but, as this action is one at law, and must be tried by a jury, it is not practicable to first determine the question as to the contract, and then direct an interlocutory judgment for an accounting. The defendant, in his answer, admits that the plaintiff was in his employ for the period mentioned; admits that on account of his services he paid him upwards of $34,000; so that the substantial question at issue between the parties is as to the rate of compensation to which the plaintiff was entitled, and whether or not he has been paid what was due him; and to ascertain the amount due to the plaintiff necessarily involves the taking of an account, and it seems to me quite apparent that such an accounting would be impossible before a jury. The case is much like that of Rowland v. Rowland, 141 N. Y. 485, 36 N. E. 504. There the court, affirming an order referring the issues for trial, said:

"Whether the relation between the parties was 'in the nature of a general partnership or quasi partnership,' as alleged in the complaint, or was that of employer and employé, as alleged in the answer, will not probably be a question of much importance in the determination of the controversy. The real issue is as to the amount which the plaintiff was to receive, in addition to a specific sum per week, out of the net profits, and whether the alleged settlement of the plaintiff's claim was procured by the fraudulent representations of the defendant. Both parties in their verified pleadings assert that the com-

pensation or interest of the plaintiff was to be a fixed weekly sum and a percentage of the net profits of the business. They disagree as to the amount. In either view of the relation the plaintiff has a right to demand an accounting to ascertain the sum to which he is entitled, unless concluded by payment or discharge. * * * If the action was legal, and not equitable, which is the claim of the plaintiff, then the action, being upon contract, was, under the circumstances shown, referable."

There is no question, therefore, but that the action was referable, and as it seems entirely clear that the action cannot be tried by a jury we think the motion should have been granted.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted.

PATTERSON, McLAUGHLIN, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J.   I concur upon the ground that Rowland v. Rowland, cited, holds that the court in such a case has power to refer.