(110 App. Div. 893)

vin v. Mayor, 112 N. Y. 223, 19 N. E. 675; Tolman v. S. B. & N. Y. R. R. Co., 98 N. Y. 198, 50 Am. Rep. 649.

The defendant urges, as a defense superior to and independent of these questions of negligence and contributory negligence, that it maintained the city hall in the exercise of a purely governmental function, and that therefore it assumed no duty to the plaintiff, a violation of which would impose liability upon it in this action. I cannot, however, concur in this view. Of course it is well settled that a municipal corporation may act in two capacities; one governmental, as the agent of the state in the performance of those duties which devolve primarily upon it in the exercise of its sovereign power of goverment for the common benefit of all of the people of the State; the other, municipal, in the performance of duties voluntarily assumed and exercised in respect to its local or special interests for the particular benefit and advantage of the locality and its inhabitants. Maxmilian v. Mayor, 62 N. Y. 160, 20 Am. Rep. 468; Eddy v. Village of Ellicottville, 35 App. Div. 256, 54 N. Y. Supp. 800. While acting in the former capacity it could not be made liable for an accident of the nature of that proven in this case, whereas, while acting in the latter capacity it might be made subject to the operation of those principles which have been invoked against it. While the courts in some other states may have gone to the extent of holding that the maintenance and operation of a city hall would be incidental to the discharge by a municipality of its governmental functions, no authority to that effect has been called to our attention from the decisions in this state. Without a lengthy discussion of the subject, it seems clear that the building wherein the accident happened was maintained by the defendant in whole or part for its use, convenience, and benefit in the conduct and discharge of those municipal obligations and duties imposed or assumed with respect to its special and local interests, and that therefore it may be held liable for negligence in the premises. Eddy v. Village of Ellicottville, 35 App. Div. 256, 54 N. Y. Supp. 800; Quill v. Mayor, 36 App. Div. 476, 55 N. Y. Supp. 889; Galvin v. Mayor, 112 N. Y. 223, 19 N. E. 675. Some other questions have been raised upon the appeal which it is not necessary to consider specifically. In my opinion the plaintiff produced evidence which entitled her to the verdict that was awarded by the jury, and the judgment should be affirmed.

SPRING, J., concurs in this dissent.

---

CLARK, Respondent, v. TROST et al., Appellants. (Supreme Court, Appellate Division, Second Department, January 12, 1906.) Action by Edwin Clark, as administrator de bonis non of the estate of Sarah Clark, against Mathias Trost and John J. Clancy. No opinion. Motion granted, and order resettled so as to provide that the costs awarded to the plaintiff be included in the final judgment, if rendered in favor of the plaintiff; and be set off, if uncollected and final judgment is rendered in favor of the defendants.

COGAN et al., Respondents, v. O'BRIEN et al., Appellants. (Supreme Court, Appellate Division, First Department. December 30, 1905.) Action by Philip J. Cogan and others against John O'Brien and others. J. W. Browne, for appellants. C. V. Pallister, for respondents. No opinion. Order affirmed, with $10 costs and disbursements, on authority of Boisnot v. Wilson, 95 App. Div. 489, 88 N. Y. Supp. 867.

---

COHN, Appellant, v. HESSEL et al., Respondents. (Supreme Court, Appellate Division, First Department, January 19, 1906.) Action by Jacques C. Cohn against Sidney P. Hessel and others. J. H. Cohn, for appellant. J. Frankenheimer, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

---

COHN v. HESSEL et al. (Supreme Court, Appellate Division, First Department. March 2, 1906.) Action by Jacques C. Cohn against Sidney P. Hessel and others. No opinion. Motion denied, with $10 costs.

---

In re COLCORD. (Supreme Court, Appellate Division, Second Department. January 10, 1906.) In the matter of the application of Russell E. Colcord for admission to the bar. No opinion. Application for admission to the bar granted.

---

COLEMAN, Respondent, v. INTERURBAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 30, 1905.) Action by Michael Coleman against the Interurban Street Railway Company. B. H. Ames, for appellant. J. C. Robinson, for respondent. No opinion. Order affirmed, with costs.

---

COLEMAN, Respondent, v. INTERURBAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. January 26, 1906.) Action by Michael Coleman against the Interurban Street Railway Company. W. H. Wood, for appellant. J. C. Robinson, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

INGRAHAM, J., dissents.

---

COLES, Respondent, v. GRABURN, Appellant. (Supreme Court, Appellate Division, Second Department. January 12, 1906.) Action by Frank C. Coles, as executor, etc., of Eliza Grove Dickerson, deceased, against Charles G. A. Graburn. No opinion. Judgment affirmed by default, with costs.

---

COLES, Respondent, v. GRABURN, Appellant. (Supreme Court, Appellate Division, Second Department. January 26, 1906.) Action by Frank E. Coles, as executor, etc., against Charles G. A. Graburn. No opinion. Motion to open default denied.