Argued July 22, reversed September 8, rehearing denied September 22, motion to retax costs and disbursements allowed October 6, 1914.

## SMITH *v.* KINNEY.

(143 Pac. 901, 1126.)

**Appeal and Error—Record—Question Presented for Review—Bill of Exceptions.**

1. A bill of exceptions, consisting of a *verbatim* report of the testimony, the objections of counsel, and the rulings of the court, will be considered only to determine whether nonsuit or a directed verdict was properly granted.

**Joint Adventures—Contracts—Action for Breach—Direction of Verdict.**

2. Where the complaint alleged the issuance of certificates by the defendant which acknowledged the receipt of $3,000 each for investment, the defendant to have one half of the net profits, principal and 6 per cent interest guaranteed, and that the defendant afterward reported that each certificate had earned $3,000 in addition to its face, which the answer denied, testimony that defendant said that he had doubled the valuation of the lots in which he had invested, and was going to call in the old certificates and issue new certificates for double the amount, is insufficient to sustain the allegation of the complaint as to defendant's representation.

### ON PETITION FOR REHEARING.

**Account Stated—Action—Pleading.**

3. Where a complaint gives a history of all the facts leading up to the issuance of certificates, each acknowledging the receipt of $6,000 for investment, in place of prior similar certificates, each acknowledging receipt of $3,000 for investment, and states the conclusion that the new certificates constituted an account stated, this did not constitute a sufficient pleading of an account stated.

  [As to the definition and elements of an account stated, see note in 62 Am. Dec. 85.]

**Appeal and Error—Disposition of Cause—Modification.**

4. Under Article VII, Section 3, of the Constitution, providing that, if the Supreme Court can determine what judgment should have been entered, it shall direct such judgment to be entered in the same manner as decrees in equity cases, where the evidence shows that plaintiff is entitled to recover a certain sum on his cause of action, but the evidence is not in the record relating to claims of defendant against plaintiff, the Supreme Court cannot direct the entry of judgment.

### ON MOTION TO RETAX COSTS.

**Costs—Appellate Court—Printing Abstract.**

5. Under Section 566, L. O. L., providing that a party entitled to costs shall also be allowed for all necessary disbursements, where the bill of exceptions is merely a *verbatim* report of everything spoken at

the hearing, without classification or segregation of the errors of law suggested, the expense of printing matter in the abstract relating to questions of law, other than the correctness of the direction of verdict for plaintiff, was not a necessary disbursement.

### Appeal and Error—Abstract of Record—Matters Included.

6. Under Section 554, L. O. L., making copies of the notice of appeal and undertaking a part of the transcript, it is not necessary to print the same matter in the abstract.

### Costs—Appellate Court—Printing Abstract.

7. An objection to the allowance of the costs of printing the assignments of error in an abstract will be overruled, where one of the assignments is that the court erred in directing a verdict, which, in the state of record, was a proper specification of error.

From Coos: JOHN S. COKE, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is an action by F. A. Smith against L. D. Kinney. It appears from the complaint that the plaintiff and his assignees sold a steam vessel known as the "Liberty" to the defendant for $9,000, in payment for which he issued to each of them a writing called a "pool certificate," in what is known as "Kinney's Plat C Pool," and guaranteed to each of them the payment of the principal of the certificates of $3,000, each with interest from date until payment was demanded at the rate of 6 per cent per annum. It seems that this "pool" was a scheme whereby, in some way not fully disclosed, a platted tract of real property in which the defendant was interested was made a basis for speculative investment. It appears also by the complaint that at the defendant's instance the steamer was conveyed to the Belt Line Railway Company. That pleading also contains this allegation:

"That thereafter plaintiff demanded payment of the principal and accrued interest of the aforesaid 'pool certificate' issued and delivered to him by the defendant, as aforesaid, and defendant thereupon represented to the plaintiff that the $3,000 that [the defendant]

had invested for the plaintiff, in accordance with his agreement, as evidenced by the aforesaid 'pool certificate,' had earned for the plaintiff $3,000, and that the defendant was then indebted to the plaintiff in the sum of $6,000, and offered to execute and deliver to the plaintiff a new certificate for $6,000, invest the sum represented thereby for the plaintiff, and, at any time after six months' notice, pay to the plaintiff, the principal, with one half of the profits realized on said investment of $6,000, and that he [the defendant] would, and did, guarantee to pay the plaintiff the sum of $6,000, plus interest thereon at the rate of 6 per cent per annum.''

In substance the plaintiff further says that he accepted the $6,000 pool certificate mentioned in the quoted averment, and has since demanded payment of it, which has been refused. He brings this action upon the certificate for $6,000 issued to himself, and upon two others of like denomination issued to his partners in the boat.

The answer denies all the complaint except the original joint ownership of the plaintiff and his assignors in the steamer, and except as otherwise stated in the affirmative matter. The answer sets forth a bill of sale of the steamer executed by the plaintiff and his co-owners to the Belt Line Railway Company, and alleges, in substance, that the sellers represented to the defendant and to the corporation that the vessel was in good condition and repair, and seaworthy in all respects, and was well worth $9,000, all of which was untrue, but was believed, relied and acted upon by the defendant; that the boat was neither in good condition, repair nor seaworthy; that it was utterly unfit for any use or for any purpose, and was in fact a useless and worthless old hulk, not worth over $1,500; that the defendant and the corporation were ignorant of the truth

of the representations made by the plaintiff and his
assignors, all of whom knew them to be untrue.    At the
close of the testimony for the plaintiff the court re-
fused to allow the defendant to prove his allegation of
fraud, and directed a verdict for the plaintiff for the
full amount claimed, aggregating $20,874.    From the
ensuing judgment the defendant appeals.

REVERSED.    REHEARING DENIED.

MOTION TO RETAX COSTS ALLOWED.

For appellant there was a brief and an oral argu-
ment by *Mr. Charles A. Sehlbrede.*

For respondent there was a brief over the names of
*Mr. George J. Perkins* and *Mr. E. D. Sperry,* with an
oral argument by *Mr. Perkins.*

Department 1.    MR. JUSTICE BURNETT delivered the
opinion of the court.

1. The so-called bill of exceptions presented in this
case consists of a *verbatim* report of the testimony of
the witnesses, the objections of counsel, and the rulings
of the court as they occurred at the trial.    It has been
so often announced by this court that such a document
does not constitute a bill of exceptions, except for the
purpose of determining whether a nonsuit or a directed
verdict was properly granted, that we will not lengthen
this opinion by a quotation of the authorities, except
to state that the latest one is *National Council of
Knights & Ladies of Security* v. *McGinn,* 70 Or. 457
(138 Pac. 493).    The only purpose, therefore, for which
this alleged bill of exceptions will be considered is to
determine whether the court properly directed a ver-
dict in this case.

2. It appears in evidence that in payment for the steamer the defendant issued to the plaintiff and his assignors three certificates of the following tenor:

"Received of F. A. Smith $3,000 for investment on my own judgment, I to have one half of net profits, principal and 6 per cent interest guaranteed. Money subject to withdrawal at any time on sixty days' notice. Report to be made monthly.

"Empire, Oregon, April 25, 1910.

"[Signed] L. D. Kinney,
"Proprietor.
"George M. Everett,
"Cashier of Pool.
"E. R. Peterson,
"Secretary of Pool."

Reverting to the allegation of the complaint quoted, it will be observed that there is no statement that any profits had actually been earned. It is only there said that the defendant represented that the certificate had earned $3,000 in addition to its face. This allegation was denied, and hence in any view of the case it became necessary for the plaintiff to prove it. The only testimony on that subject is to the effect, as stated by the witness McLain, that after the issuance of the first certificate the defendant called the witness into the former's office at North Bend. His testimony continues in this language, referring to the defendant:

"He said that these old certificates were issued on a valuation of $125 each on the lots in that pool, and he had changed the valuation, doubled the valuation, and he was going to call in the old certificates and issue new certificates for double the amount on account of the raise of all the lots, by his own request."

This does not amount to proof of the allegation that the defendant represented the certificate to have earned $3,000, much less does it amount to proof that

any profits had been made on the supposed investment. All that it amounts to is that the defendant arbitrarily inflated his paper by 100 per cent. Laying aside the strong flavor of usury with which the transaction is tainted and the enormity of doubling the actual indebtedness for the investment in the vessel, it is apparent that the court erred in directing a verdict according to the prayer of the complaint, because the testimony did not prove the disputed allegation.

For want of a proper bill of exceptions we decline to consider whether or not the defendant was entitled to prove his allegation of the fraud which induced him to assume the obligation of paying for the steamboat, as well as the other questions assigned as errors.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.    REHEARING DENIED.

MOTION TO RETAX COSTS ALLOWED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.

---

Denied September 22, 1914.

ON PETITION FOR REHEARING.

(143 Pac. 1126.)

MR. JUSTICE BURNETT delivered the opinion of the court.

In a petition for rehearing it is strongly urged that the issue and acceptance of the three so-called "pool certificates" for $6,000 each, upon which the action is maintained in three counts, constituted an account

stated binding upon the court, and precluding inquiry into the original transaction upon which it is based.

3. The complaint gives a history of all the evidence and draws the conclusion that the result was "an account stated." As a question of pleading, the case is much like *Nicoll* v. *Haas*, 5 App. Div. 206 (39 N. Y. Supp. 205), where the court said:

"The words really amount to nothing more than the plaintiff's conclusion as to the effect of a part of his evidence. Having fully stated his real cause of action, he adds that he has rendered bills therefor which were agreed to, and that thus this cause of action 'stands as account stated.' This is pleading evidence and a conclusion therefrom. But it is not a substantial plea of an account stated."

It is manifest that between April 25, 1910, the date of the original "pool certificates," and June 1, 1910, when the new ones were issued in denominations of $6,000 each, nothing could have occurred to double the amounts except "profits." Only such gains would constitute the subject matter of an accounting with such a result. Something to be accounted for is as necessary to a stated account as the parties themselves. Common sense requires us to look at the substance of things, and, if there were no "profits" (and the complaint does not allege there were any), there could be no accounting for them.

4. If there were no other issues involved in the pleadings, as, for instance, the one about the alleged fraud of the plaintiff and his associates concerning the condition of the vessel as to seaworthiness, whereby the defendant was induced to assume the obligation in question, we might render judgment here for the plaintiff for $9,000, the original purchase price and interest. We would probably be justified in that disposition of

the case under this clause found in Article VII, Sec-. tion 3 of the Constitution of the state:

"Or if, in any respect, the judgment appealed from should be changed, and the Supreme Court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court."

However, having no evidence on such other issues, we cannot apply this part of the fundamental law, and the case must of necessity be returned to the Circuit Court for proper adjustment.

The petition for rehearing is denied.

REHEARING DENIED.<br>MOTION TO RETAX COSTS ALLOWED.

---

Allowed October 6, 1914.

ON MOTION TO RETAX COSTS.

(143 Pac. 1126.)

Opinion PER CURIAM.

In his motion to retax costs and disbursements, the plaintiff objects to matter printed in the defendant's abstract as follows: (1) Twenty-seven and one-half pages of quotations from the testimony accompanied by objections of counsel and the rulings of the trial court upon them, all being a compilation from the bill of exceptions; (2) three pages· devoted to printing the notice of appeal and undertaking; and (3) three pages stating the assignments of error.

5. The statutory rule is that "a party entitled to costs shall also be allowed for all necessary disbursements": Section 566, L. O. L. The question, therefore,

is whether the items mentioned are necessary printing expenses. As decided in the original opinion, following numerous precedents, the bill of exceptions being a *verbatim* report of everything spoken at the hearing, without classification or segregation as to the errors of law suggested, it could be considered only for the purpose of determining whether it was a mistake to direct a verdict for the plaintiff. In that form it was not sufficient to raise the numerous questions raised by the excerpts printed in the abstract. Not having a proper bill of exceptions behind it, all the matter in the abstract under that head was useless, and hence the expense of printing was not a necessary disbursement.

6. Copies of the notice of appeal and undertaking are made part of the transcript to be filed by the appellant, under the terms of Section 554, L. O. L. It is therefore not necessary to print the same matter in the abstract.

7. We cannot allow the *omnibus* objection to the printed assignments of error, for it includes the statement that the court erred in sustaining the motion of plaintiff's counsel for a directed verdict. This is a proper specification of error and must operate as the saving leaven for the whole lump in this feature of the case, seeing that the objection includes it with other matter which might be held unnecessary.

On the ground that the same is not a necessary disbursement, under the well-established rules about the frame of a bill of exceptions, the objections will be sustained as to specifications 1 and 2. The remaining objection will be denied, because it includes a legitimate assignment of error with others which might have been eliminated under a challenge applied to them only. The costs and disbursements will therefore be retaxed in favor of the defendant as follows:

```
Filing fee ...............................$ 15 00
County clerk for transcript..................  3 35
Printing abstract 70 pages at $1.00.....$70 00
Deduct 30½ pages superfluous as stated.  30 50   39 50
Printing brief ..............................  24 00
Costs ........... ..........................  15 00
Trial fee .................................   6 00
                                             ──────
     Total................................$102 85
```

For which judgment will be entered in favor of the defendant.

MOTION TO RETAX COSTS ALLOWED.