Lazansky, J.
This is an application hy the defendant for a compulsory reference under section 1013 of the Code of Civil Procedure. The plaintiff seeks to recover on an express contract hy which he was to he paid during a certain period $6,000 a year and a sum equal to two per cent of the net profits of defendant’s business. The answer denies the contract and sets up *716 a different contract as the basis of payment for the services of plaintiff.
The rule with reference to compulsory reference has been stated in Camp v. Ingersoll, 86 N. Y. 431, 433, as follows: “An account between the parties is one made up of the dealings of the parties with one another though the account may be that of one party only, * * * the accounts to be examined must be the immediate object of the action, or the ground of the defence, and must be directly and not collaterally involved.”
In that case the action was to recover the value of certain shares of stock in a corporation awarded to plaintiff by an arbitrator and the value was to be ascertained by determining the assets of the corporation, less its debts. And in respect of the application of the rule to the facts in that case, the court (at p. 436) says: “Now here, the immediate object of the action is not to recover any portion of the matter, that will be shown by the account of the assets and property of that manufacturing corporation. It is to recover a sum of money, the amount of which is, to be sure, to be gauged by the figures that will be disclosed by that account, but it is not money for any thing that that account 'will show.”
So in the case at bar, since the contract was for payment of a sum equal to two per cent of the profits and not two per cent of the net profits, the object of the action is not to recover any portion of the matter that will be shown by an account of defendant’s affairs, although the recovery, if any, will be in an amount which will be gauged by the figures that will be disclosed by the account. Here the account is collateral to the cause of action and not part of it. The distinction is a narrow one, yet it is not at all uncertain. In Boisnot v. Wilson, 95 App. Div. 489, cited by defendant, the plaintiff claimed to be entitled to a one-third share of the profits, not, as here, a sum equal to a share of the profits. The plaintiff has a right to a trial *717 by jury unless the case comes within the provisions of section 1013 of the Code of Civil Procedure. In the case first cited, the account involved was that of a third party, but it makes no difference that it is the account of a party to the action. C. & C. Electric Co. v. Walker Co., 35 App. Div. 426. It must also appear that the hearing of the case will require the examination of a long account. It is not sufficient to uphold a compulsory order of reference that there is a possibility in the course of the trial the investigation óf the correctness of such account will become necessary. Facts must be disclosed, either by affidavit or upon the face of the pleadings, from which the conclusion can be fairly drawn that so many and separate accounts will be litigated upon the trial that a jury cannot keep the evidence in mind in regard to each of the items and give it the proper weight and application when they retire to deliberate upon their verdict. Spence v. Simis, 137 N. Y. 616. There is nothing in the moving papers to show that the defendant will dispute any items of the account, a percentage of the net profits of which he seeks to recover. While the moving papers disclose that to determine net profits many items would have to be considered which a jury could not possibly retain in mind, it does not follow that these will be litigated upon the trial. As a matter of fact, in his opposing papers, plaintiff concedes the correctness of the figures of all the items, except that of depreciation, and as to this he intends to dispute the per centum charge therefor.
For these reasons, the motion will be denied.
Motion denied.