CHARLES L. ROWLAND, Respondent, *v.* THOMAS F. ROWLAND, Appellant.

The complaint herein alleged that the parties were associated in business under an agreement " in the nature of a general partnership or *quasi* partnership," by the terms of which plaintiff was entitled to draw a sum specified weekly, and was also to have a specified percentage of the net profits. The relief asked was an accounting and judgment for the amount found due. The answer alleged that the relation of the parties was that of employer and employee, plaintiff being entitled for his services to a weekly sum and a share of the profits, but a less percentage than that claimed in the complaint. Upon application for a reference it appeared that the accounting would require the examination of many transactions and items and that no difficult question of law was involved. *Held*, that in either view of the relation of the parties an order of reference was proper.

Plaintiff set forth in his complaint a settlement between the parties which he averred was induced by fraudulent representations on the part of

defendant. *Held*, that this did not affect the jurisdiction of the court to refer the case.

(Argued February 26, 1894; decided March 6, 1894.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 15, 1894, which affirmed an order of Special Term granting a motion for a reference and appointing a referee.

The complaint in this action alleged that plaintiff and defendants were associated in business, under an agreement in the nature of a general partnership or *quasi* partnership ; that plaintiff was to draw thirty dollars per week and to be also entitled to a percentage of the net profits, which it was agreed should be two per cent for the first three years, four per cent for the fourth and five per cent for the balance of the period ; that statements of the profits which were not intended to be final were made from time to time and that a settlement was made which was induced by the fraudulent representations of defendant. Plaintiff prayed for an accounting and judgment for such sum as he might appear to be entitled to and for such other and further relief as he might in equity be entitled to. The answer alleged that the relation between defendant and plaintiff was that of employer and employee, and that plaintiff's compensation was to be a fixed weekly sum and a percentage of the profits, but not the same amount as was alleged in the complaint.

*John L. Hill* for appellant. The action is in equity — grounded, primarily, on an allegation of fraud, in order to open a settlement or statement of accounts. (*Emery* v. *Pease*, 20 N. Y. 62.) The defendant had a right to regard this action as in equity, resting upon the allegation of partnership, and a violation of duty by the defendant. (*Arnold* v. *Angell*, 62 N. Y. 512.) The recovery must, in every case, be *secundum allegata et probata*. The plaintiff must sustain his action by proof of the allegations of his complaint. He cannot change his action from one in equity to an action at

law. (*Salter* v. *Ham*, 31 N. Y. 321; *Hayward* v. *Barron*, 19 N. Y. Supp. 383; *Heywood* v. *City of Buffalo*, 14 N. Y. 534, 540; *Bank* v. *Eames*, 1 Keyes, 588, 592; *Bell* v. *Merrifield*, 109 N. Y. 202, 207; *Bockes* v. *Lansing*, 74 id. 437, 442; *Freeman* v. *Grant*, 132 id. 22; *Stevens* v. *Mayor, etc.*, 84 id. 296, 305; *Arnold* v. *Angell*, 62 id. 508; *Bradley* v. *Aldrich*, 40 id. 504; *Moores* v. *Townshend*, 102 id. 387, 391.) That the trial of the action *may* involve a long account is not sufficient to sustain an order of reference; such trial *must* involve a long account to warrant its reference. (*Cassidy* v. *McFarland*, 139 N. Y. 201; *Salter* v. *Ham*, 31 id. 321.)

*Edward P. Lyon* for respondent.   Defendant's contention that because the complaint prayed for *equitable* relief (an accounting), but the facts set forth an action at *law*, the complaint must necessarily be dismissed on the trial, and, therefore, the case should not be referred, is untenable. (*Emery* v. *Pease*, 20 N. Y. 62; *C. E. Ins. Co.* v. *Babcock*, 42 id. 647; *Rindge* v. *Baker*, 57 id. 223; Code Civ. Pro. § 1207; *Murtha* v. *Curley*, 90 N. Y. 372; *Bell* v. *Merrifield*, 109 id. 207; *Hale* v. *O. N. Bank*, 49 id. 626.)   The case is one to which section 1013 of the Code is particularly applicable. (*People* v. *Wood*, 121 N. Y. 531; *Smith* v. *Bodine*, 74 id. 30.)   The question of accord and satisfaction cannot be determined without going into the whole accounting. (*Palmer* v. *Palmer*, 13 How. Pr. 363.)   The allegations of false and fraudulent representations made by the defendant to secure the receipt in full, as set out in the complaint, do not make the action one in tort. The action is still upon contract. (*People* v. *Wood*, 121 N. Y. 522; *Harrington* v. *Bruce*, 84 id. 103.)   No difficult question of law will arise.   If the defendant so claims, he must make it positively appear that such questions will arise. (*Patterson* v. *Stettauer*, 7 J. & S. 413.)

ANDREWS, Ch. J.   Whether the relation between the parties was "in the nature of a general partnership or *quasi* partnership," as alleged in the complaint, or was that of employer

and employee, as alleged in the answer, will not probably be a question of much importance in the determination of the controversy. The real issue is as to the amount which the plaintiff was to receive in addition to a specific sum per week out of the net profits, and whether the alleged settlement of the plaintiff's claim was procured by the fraudulent representations of the defendant. Both parties in their verified pleadings assert that the compensation or interest of the plaintiff was to be a fixed weekly sum and a percentage of the net profits of the business. They disagree as to the amount. In either view of the relation the plaintiff has a right to demand an accounting to ascertain the sum to which he is entitled, unless concluded by payment or discharge.

The facts presented to the court upon the application for the order of reference tended to show that the accounting would involve the examination of many transactions and items, and that no difficult question of law was involved. If the action is to be regarded as equitable, which is the claim made by the defendant, it was referable by order of the court under section 1013 of the Code of Civil Procedure. In equity actions the right of trial by jury never existed, and no constitutional right is involved in a compulsory reference of equity actions. (*Camp* v. *Ingersoll,* 86 N. Y. 433; *Thayer* v. *McNaughton,* 117 id. 111.) If the action was legal and not equitable, which is the claim of the plaintiff, then the action being upon contract was, under the circumstances shown, referable.

The allegation in the complaint, made apparently in anticipation of the defense of accord and satisfaction, that an alleged settlement had been procured by fraud, did not affect the jurisdiction of the court to refer the case. It showed the right of the plaintiff to have an accounting, notwithstanding such settlement. (*People* v. *Wood,* 121 N. Y. 522, and cases cited; *King* v. *Barnes,* 109 id. 267–290.)

The order should be affirmed.

All concur.

Order affirmed.