(5 App. Div. 115.)

COIT v. GOODHART et al.    (No. 399.)

(Supreme Court, Appellate Division, First Department.    May 1, 1896.)

COMPULSORY REFERENCE.

In an action for a reaccounting with some of the defendants, on the ground that in the former accounting such defendants fraudulently concealed certain credits which should have been allowed plaintiff, and to set aside, on the ground of fraud and mistake, an assignment of the account by plaintiff, after the accounting, to the other defendants, it is error to order a compulsory reference as regards the validity of the assignment.

Appeal from special term, New York county.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Austen G. Fox, for appellants.

D. M. Porter, for respondent.

O'BRIEN, J.    This suit is brought to compel the defendants Goodhart to account to plaintiff for moneys not accounted for,—the complaint alleging that incorrect accounts were delivered; that plaintiff received the same believing that they were correct, and that afterwards a discovery was made that $7,350 had not been paid, and that the accounts were incorrect to that extent; that, relying on the accounts and the statement of the amount of the deficiency, plaintiff received the $7,350, and transferred his claim to the other defendants, Lehman Bros., and at the time of the transfer "it was concealed and deceitfully suppressed from the plaintiff that there was a much larger sum due to the plaintiff" from Goodhart & Co., on a proper accounting.    To obtain relief, it will be necessary to set aside the assignment made by plaintiff to Lehman Bros., upon the grounds alleged,—that it was obtained by fraudulent representations, and was the result of a mistake of fact.    If successful in this attack upon the assignment by showing that such representations were made, and that they were false and fraudulent, then, undoubtedly, the further relief of an accounting would follow; and as this, in view of the numerous transactions between the parties, would necessarily involve the examination of a long account, the taking of this would properly be sent to a referee.    So far as the defendants Lehman Bros. are concerned, the action can in no sense be regarded as referable, because, as between them and the plaintiff, the issue is whether the assignment to them was the result of fraud and mistake.    To justify a compulsory reference, it is not enough that the case may involve the examination of a long account, but sufficient should be shown to justify an inference that that would be the course of the trial, or, as said in Camp v. Ingersoll, 86 N. Y. 433, "The account to be examined must be the immediate object of the action or the ground of defense, and that it must be directly, and not collaterally, involved."    If plaintiff is successful in setting aside the assignment

to Lehman Bros., the latter have no interest whatever in the accounting, or the extent of the liability of the defendants Goodhart; their sole interest being centered in an endeavor to uphold the assignment to them, which is assailed for fraud and mistake. And, even as to the defendants Goodhart, the question which is first to be disposed of, and upon the establishing of which alone the plaintiff is entitled to reopen the accounts, is that of fraud. We do not think, therefore, that the court had power to order a compulsory reference of this issue. But, even if it were a matter of discretion, it should not, upon the pleadings here, have exercised it in directing a reference. The respondent calls our attention to the case of Bank v. Baker, 148 N. Y. 581, 42 N. E. 1077; Id. 90 Hun, 277, 35 N. Y. Supp. 933. The cases, however, are entirely dissimilar. There the action was brought under chapter 487 of the Laws of 1889, by creditors of a deceased insolvent debtor, to disaffirm a transfer made in fraud of their rights as creditors. As correctly stated in the headnote in 90 Hun, 277, 35 N. Y. Supp. 933, "The primary question in such case is whether an indebtedness to the creditor does exist upon the part of the estate of the deceased, and the whole proceedings depend upon the establishment of this issue in favor of the plaintiff." This statement alone is sufficient to emphasize the distinction between that case and the one at bar.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(5 App. Div. 444.)

COIT v. GOODHART et al.    (No. 400.)

(Supreme Court, Appellate Division, First Department.    May 1, 1896.)

PLEADING—BILL OF PARTICULARS—RIGHT TO BILL.

Appeal from special term, New York county.

Action by Augustus B. Coit against Philip J. Goodhart and others to reopen a settlement of accounts, and for other relief. From an order denying a motion for a bill of particulars, defendants appeal. Reversed.

