## FISHER v. HAINES.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

APPOINTMENT OF REFEREE—LONG ACCOUNT—AGREEMENT TO PAY INTEREST.
Where a complaint was for the recovery of money on a contract by which defendant agreed to discharge all debts, judgments, obligations, and incumbrances against a railway company, and to pay the interest on certain bonds, and the answer admitted such contract, but denied knowledge of the amount thereof, and the amount of interest on such bonds, it was sufficiently apparent that the determination of the questions involved required an examination of a long account, so that an order referring the issues to a referee was proper.

Hatch and Laughlin, JJ., dissenting.

Appeal from special term, New York county.

Action by George Fisher against Charles D. Haines. From an order referring the issues to a referee, defendant appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

W. E. Kisselburgh, Jr., for appellant.
J. Osgood Nichols, for respondent.

McLAUGHLIN, J. Appeal from an order referring the issues on the ground that the determination of them involves an examination of a long account. The action is brought to recover the sum of $50,000, moneys alleged to have been paid by the plaintiff at the request or for the benefit of the defendant pursuant to the terms of a written agreement, which is attached to and made a part of the complaint. The complaint alleges, among other things, that:

"Under the terms of said agreement said defendant agreed that he would, within thirty days from the date of said agreement, pay and discharge, or cause to be paid and discharged, all the debts, liens, claims, taxes, judgments, obligations, and incumbrances which were outstanding and unpaid on the 3d day of May, 1900, against the Rockaway Railway Company, and that he would pay and discharge, or cause to be paid and discharged, within the same time, all interest on $125,000 of bonds of said railway company which had accrued prior to the 1st day of April, 1900, and remained unpaid on said date. * * * So that the capital stock, works, property, rights, franchises, and immunities of said Rockaway Valley Railway Company should be free and clear of all debts, liens, claims, taxes, judgments, obligations, and incumbrances, except said bonds for $125,000, and the interest thereon accruing since said 1st day of April, 1900. * * * That said defendant further agreed within thirty days from the date of said agreement to repay this plaintiff all sums of money paid by this plaintiff or on his behalf, and to repay to the Rockaway Valley Railway Company all sums of money paid by it on account of the debts, liens, claims, taxes, judgments, obligations, and incumbrances which were outstanding against said Rockaway Valley Railway Company on said 3d day of May, 1900, or on account of the interest on said $125,000 of bonds of said railway company which had accrued prior to said 1st day of April, 1900."

The complaint then alleges that the plaintiff has duly performed all the terms and conditions of said agreement on his part, but that the defendant has failed to keep and perform the terms and conditions of the agreement on his part, and has failed and neglected to pay and discharge any of the debts, liens, claims, taxes, judgments, obligations, and incumbrances which were outstanding against

said railway company on the 3d day of May, 1900, or to pay any of the interest on the $125,000 of the bonds of said company which accrued prior to the 1st day of April, 1900; by reason whereof the plaintiff was compelled to and did pay on account of "said debts, liens, claims, taxes, judgments, obligations, and incumbrances * * * the sum of $67,864.43," upon which the defendant is entitled to be credited, according to the terms of said agreement, the sum of $16,132, the proceeds of certain capital stock sold by the defendant to the plaintiff, and, in addition thereto, the sum of $1,732.43, the amount earned by said railway company between certain dates; and, after crediting such sums, that the defendant is indebted to the plaintiff by reason of the payments mentioned in the sum of $50,000, for which judgment is demanded. The defendant, in the answer interposed by him, admits the execution of the agreement referred to, but "denies any knowledge or information sufficient to form a belief as to the amount of money earned by the Rockaway Valley Railway Company prior to May 3, 1900, and therefore denies that the sum of $1,732.43 is all that should have been credited to him upon his obligation under said agreement." He also denies any knowledge or information sufficient to form a belief that the debts, liens, claims, taxes, judgments, obligations, and incumbrances of said railway, together with the interest that had accrued on said bonds prior to April 1, 1900, amounted in the aggregate to $67,864.43, or that the plaintiff paid that amount under the terms and conditions of said agreement, and he "therefore denies that there is due to this plaintiff from the defendant the sum of $50,000, as alleged in said complaint." Other defenses are interposed, but it is unnecessary here to consider them.

The most casual consideration of the foregoing allegations of the complaint and answer is sufficient to show that the court at special term was justified in exercising its discretion in referring the issues. Under the denials contained in the answer it is apparent that the examination of a long account is involved and is necessary. To establish the cause of action alleged in the complaint, it will be necessary for the plaintiff to prove what debts, liens, claims, taxes, judgments, obligations, and incumbrances against the railway company were paid by him, and the validity of such debts, claims, etc.; and, in addition to this, the credits to which the defendant is entitled, the amount of which is in dispute, must be proved,—that is, the amount received from the stock referred to, and the amount which the railway company earned between the dates specified. It does not need an extended discussion to demonstrate that the proof as to what the railroad earned will necessarily involve the examination of a long account. It therefore follows that the order of reference was properly made. Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893; Steck v. Iron Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67.

The order is right, and should be affirmed, with $10 costs and disbursements.

PATTERSON and INGRAHAM, JJ., concur.

HATCH, J. (dissenting).   I am unable to concur in the views expressed by Mr. Justice McLAUGHLIN in the opinion delivered by him in this case.   I am not satisfied that a consideration of the allegations of the complaint and answer, casual or otherwise, is sufficient to show that the court was justified in referring the issues thus raised.   On the contrary, I am of the opinion that such a course was not a proper exercise of the power of the court to order a compulsory reference.   The motion in this case was made by the plaintiff, and was opposed by the defendant on the ground that it did not appear that the trial of the action would involve the examination of a long account, and that the trial involves a difficult question of law.   Section 1013 of the Code authorizes the court, of its own motion, or upon application of either party, without the consent of the other, to direct a trial of the issues of fact by a referee, where the trial will require the examination of a long account on either side, and will not require the decision of a difficult question of law.   In an opinion delivered by the court of appeals in Steck v. Iron Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67, the history of legislation upon this subject is exhaustively discussed, and, as stated in the syllabus of that case, it was there held that:

"The question as to whether an action is referable without consent of both parties is to be determined from the complaint alone.   If the cause of action there set forth is not referable without consent, and the same is put in issue, defendant is entitled to a trial by jury, and the action is not made referable by anything set up in the answer."

In summing up the discussion there had, the court again says (pages 250, 251, 143 N. Y., page 6, 37 N. E., and page 74, 25 L. R. A.):

"If the plaintiff brings his action upon a long account, then it is such as was referable prior to 1777, and, as the examination of a long account is required on his side, the defendant cannot defeat a reference by anything he may set up in his answer by virtue of the statutes allowing set-offs and counterclaims.   If the plaintiff's cause of action be upon contract for a definite sum of money or for damages ex contractu, and his cause of action be not gainsaid by the defendant, and the defendant sets up a counterclaim, which requires the examination of a long account, then the case was such as would have been referable under the act of 1768.   But if, in such actions, the plaintiff's cause of action be disputed, then a case is presented which, prior to 1777, gave the parties the absolute right to jury trial, and that right cannot be taken away or destroyed by anything which the defendant may set up in his answer."

This is said to furnish the rule for the guidance of courts in the decision of such question.   It has also been held that the account to be examined must be the immediate object of the action or the ground of defense; that it must be directly, not collaterally, involved.   Camp v. Ingersoll, 86 N. Y. 433.   We might well rest our decision upon these two cases, as they furnish, as I view them, authority which requires at the hands of this court the reversal of the order appealed from.   The action, as shown by the analysis of the pleadings made by Mr. Justice McLAUGHLIN, is brought upon a contract to recover a sum of money.   It is, therefore, an action ex contractu, and an account is not the immediate object of the action.   The answer of the defendant, in the view expressed in the prevailing opinion, puts in issue every material allegation of the

complaint; or, in the language of the court of appeals, the cause of action is "gainsaid" or "disputed," and there is no counterclaim alleged. It seems to me that the case is brought squarely within the rule laid down in Steck v. Iron Co., supra, and that the ordering of a compulsory reference was error. The action is not brought "upon a long account," or upon an account in any sense, but is upon contract, for a definite sum of money as damages, and the cause of action is "gainsaid."

Another consideration also leads to the reversal of this order. The moving papers fail to show that the trial will necessarily require the examination of a long account, which is a prerequisite to the ordering of a compulsory reference against the objection of the other party. Such fact does not appear upon the face of the pleadings, and there is no statement in the moving affidavit that the different items of the matters which are insisted upon as an account are to be separately litigated, or that they are to be laid before the trial court for any purpose except as a basis for computation of the amount due to the plaintiff. Cassidy v. McFarland, 139 N. Y. 206, 207, 34 N. E. 893. The affidavit contains a general statement that the trial of this action "will involve the examination of a long account containing many items of money," etc., but there is no allegation of facts tending to show that the items will be litigated, which is the material fact to appear, and the defendant's attorney denies the conclusion thus stated in the moving papers. This court, in a recent decision (Bank v. Werner, 54 App. Div. 435, 66 N. Y. Supp. 996), has passed upon both branches of this question, and under the authority of that decision the order appealed from cannot be sustained. It follows, if I am right in the views expressed, that the motion should be denied, with costs, and the order appealed from reversed, with $10 costs and disbursements.

LAUGHLIN, J., concurs.