### DAVIDSON v. EQUITABLE LIFE, ETC., SOCIETY.

(Supreme Court, Special Term, New York County. April, 1909.)

REFERENCE (§ 8*)—ITEMS OF ACCOUNT.
    Where the issues have been reduced to an affirmative defense of set-off, and some 90 or more items of account are involved, a referee will be appointed.
    [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*]

Action by one Davidson against the Equitable Life, etc., Society. Motion for appointment of referee granted.

Alexander & Green, for the motion.
Isaac Cohen, opposed.

BISCHOFF, J. There can be no question that the issues tendered by the defendant's answer in support of the affirmative defense should be tried before a referee, rather than before a jury. Some 90 and more items of an account are to be involved in actual dispute, and it is obvious that the controversy cannot be intelligently determined upon a jury trial. Unless some technical rule stands in the way, therefore the more appropriate form of trial before a referee should be ordered, and, as this case is presented the motion is clearly within the power of the court to grant.

The rule that, where the complaint does not make the cause referable, nothing in the answer can make it so, was discussed exhaustively by the Court of Appeals in Steck v. C. F. & I. Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67, and it was pointed out in the opinion of the court that the right to trial by jury, as it existed prior to the Constitution of 1777, could not be abridged, and that the extent of and limitations upon that right, as it then existed, afforded the measure of the court's power to direct a reference of an action involving the examination of a long account for the purposes of our present practice. Prior to the year 1777 actions were not referable except where the complaint tendered the issue involving the account, or where the cause of action stated in the complaint "was not gainsaid," and the account

was brought in as a part of the defendant's affirmative case.  It was held in the Steck Case therefore that, where the defendant disputed the plaintiff's nonreferable claim, he could not, by his answer setting up an account, render the cause referable at his own instance.  In the case before me, however, a situation is presented such as would have resulted properly in a reference of the issues under the early practice noted, for the answer admits the plaintiff's claim as to a certain amount, and the plaintiff, by a stipulation filed upon the motion, has reduced his claim to meet the admission, thereby eliminating the issue and leaving the controversy as one which proceeds wholly upon the affirmative defense of set-off.  See Irving v. Irving, 90 Hun, 422, 35 N. Y. Supp. 744, affirmed 149 N. Y. 573, 43 N. E. 987.

The further point is raised that a question of forgery is to be litigated, and that the facts involving the charge of a crime should best be tried by a jury.  This contention might have some force if presented by the party against whom the claim of forgery is to be asserted; but it affords no ground of response to this motion.  The fact that the account is not directly between the plaintiff and defendant does not affect the referability of the cause, under the authorities which are applicable to the particular situation presented here, since the state of the account, under the contract relations existing between the parties, becomes the direct and not a collateral or incidental subject of inquiry.  Fisher v. Haines, 62 App. Div. 66, 70 N. Y. Supp. 787; National Shoe & Leather Bank v. Baker, 148 N. Y. 581, 586, 42 N. E. 1077; Id., 90 Hun, 277, 35 N. Y. Supp. 933.

For the reasons stated, the motion is granted, with $10 costs.