MARION C. O'CONNOR, Respondent, *v.* CORNELIUS O'CONNOR and AMERICAN BONDING COMPANY OF BALTIMORE, Appellants.

First Department, July 14, 1922.

Guardian and ward — accounting — action by ward to set aside general release and for accounting — release must be set aside before interlocutory judgment can be rendered directing accounting — compulsory reference denied.

In an action by a ward to set aside a general release executed by her on attaining her majority on the ground that it was fraudulently procured and for an accounting by her former guardian of moneys which she alleged he had misappropriated, the release must be set aside before the plaintiff becomes entitled to an interlocutory judgment, for an accounting, and, therefore, a motion for a compulsory reference, on the ground that a long account was involved and that there were no difficult questions of law, should have been denied.

APPEAL by the defendants, Cornelius O'Connor and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of May, 1922, granting plaintiff's motion for a compulsory reference, pursuant to section 466 of the Civil Practice Act.

*John F. Cowan* of counsel, for the appellant Cornelius O'Connor.

*Frederick Behr* of counsel, for the appellant American Bonding Company of Baltimore.

*William F. Burrough* of counsel, for the respondent.

DOWLING, J.:

This action is brought by plaintiff against her father, Cornelius O'Connor, who was appointed general guardian of the real and personal property of plaintiff, then an infant, by an order of the Surrogate's Court of the county of Kings on August 2, 1909, and against the American Bonding Company of Baltimore and the Illinois Surety Company as sureties on the bond of the guardian in the sum of $45,000 for the faithful performance of his duties as such. The Illinois Surety Company has not been served, being no longer in existence.

In her complaint plaintiff sets forth that her guardian entered upon the discharge of his duties and made a certain lease of part of the property at an inadequate rental, and for a period beyond plaintiff's majority, without the consent of the court; that he has received moneys aggregating $67,594.67, and has disbursed sums aggregating $50,016.94, according to his annual reports as filed, none of which has been approved by the court; that the sum of $9,900 has been invested by him out of plaintiff's income without the approval of the court; and that included in the guardian's disbursements according to his report are allowances approved by the court amounting to $7,555.92 for plaintiff's maintenance and support, for which no vouchers are filed, nor are the amounts itemized; and that items for coal, gas and ice are also charged against plaintiff amounting to $727.89.

It is then averred that on June 1, 1918, two weeks after plaintiff became of age, her guardian paid her $5,000 in cash and turned over three certain mortgages to her, but withheld a fourth bond and mortgage; that he represented that these were all the assets belonging to her in his possession as guardian; that he had dealt honestly by her; that the fourth mortgage in question had been paid and he destroyed it in her presence; that the time had come for him to make his last accounting to the court, but it would not be necessary if she would sign a paper which meant that everything was all right between them and that he had acted honestly as her guardian;

that plaintiff relied on the statements made by him, and being unfamiliar with business matters, signed the paper without reading it or having it read to her, believing it was intended to be a testimonial to the good conduct and honesty of her guardian, and a mere matter of form, but she has since learned it was a general release to him for his management of her estate and also released the other defendants from any liability for the acts of the guardian. A copy of the release is annexed to the complaint and made a part thereof. Plaintiff alleges that she first discovered the facts as to her guardian's alleged breach of trust towards her on February 17, 1921, and that she believes he has unlawfully failed to account to her for at least $24,000, and has failed in his duty to her in many specified particulars. She avers that the statements made to her by her guardian were false and known by him to be false, and were made to deceive her and prevent her from taking action to recover her property, and such statements did in fact deceive her and deprive her of her property. The judgment demanded is that the alleged release dated June 1, 1918, by and between the plaintiff and defendants, and settlement made between plaintiff and her said guardian as aforesaid, be rescinded, canceled and set aside and declared null and void, and that plaintiff have judgment against the defendants for such other and further relief as may be proper in the premises, besides the costs of this action. For a second cause of action, she repeats and realleges all the allegations of the complaint, and asks judgment that the defendant Cornelius O'Connor be directed to render to plaintiff a just and full accounting of all moneys so received and disbursed by him as said general guardian of plaintiff, and that plaintiff have judgment against the said defendant for any sum or balance found to be due from said defendant, and that plaintiff have such other and further relief as may be just and proper in the premises, besides the costs of this action.

The general release, a copy of which is annexed to the complaint, is under seal and acknowledged and is on file in the office of the Surrogate's Court of Kings county. It purports to release the guardian and the sureties on his bond from all claims, actions, suits, accounts, accounting, debts, dues and demands whatsoever, and to be a complete and final discharge from any and all liability in the matter of plaintiff's estate and the guardianship thereof. The separate answers of the defendants O'Connor and American Bonding Company of Baltimore, besides various denials of the allegations of the complaint, specifically set up as a further and separate defense the execution and delivery of the release referred to.

The motion for a compulsory reference was made upon the ground that the trial of the action would involve an investigation of over

300 items of disbursement and over 100 items of money received; that no difficult questions of law were involved, and that the proceedings could be conducted privately and without publicity, and save plaintiff the humiliation of having to sustain in open court the charges of dishonesty which she had reluctantly made against her father.

It is apparent that plaintiff will be unable to proceed with the accounting which she seeks from her guardian until she has succeeded in setting aside the general release executed and delivered by her. She herself realizes that the release is a bar to further action by her, and, therefore, in her first cause of action she sets forth the facts attending the execution of the release, annexes a copy thereof and makes it a part of her complaint, and alleges the facts on which a judgment is asked canceling and annulling the release. Until that is done, she has no right to an accounting. She must first prove the alleged fraud and have the release set aside, before she becomes entitled to an interlocutory judgment for an accounting. (*Coit* v. *Goodhart*, 5 App. Div. 115; *Hilton* v. *Hughes*, Id. 226; *Knox* v. *Gleason*, 63 id. 99, 100; *Prince Line, Ltd.,* v. *Seager Co.,* 118 id. 698; *Post* v. *Van Siclen*, 132 id. 796; *Horst Co.* v. *Stocker*, 134 id. 774; *Fisher* v. *Tuttle*, 164 id. 218.)

The order appealed from should be reversed, with ten dollars costs and disbursements to each appellant, and the motion denied, with ten dollars costs to each.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements to each appellant, and motion denied, with ten dollars costs to each.