Núm. 1.—El Colegio de Abogados de Puerto Rico, querellante v. Fajardo, etc., querellados.—Original. ▮▮▮▮▮▮▮▮▮▮ Julio 12, 1937.

A la anterior moción del querellante Colegio de Abogados de Puerto Rico solicitando la rehabilitación del querellado Juan E. Guzmán García por haber éste satisfecho las cuotas que adeudaba al Colegio con posterioridad a la resolución de este Tribunal de mayo 20, 1937; visto el artículo 9 de la Ley núm. 43 de 1932 en relación con el artículo 6°. del Reglamento aprobado por el Colegio de Abogados de Puerto Rico, se declara con lugar dicha moción y por tanto queda nuevamente autorizado el señor Juan E. Guzmán García a ejercer la abogacía en las cortes insulares sin restricción alguna.

Núm. 6964.—Franceschi, et als., apltes., Ex parte; López de Tord & Zayas Pizarro, interventores y apldos.—C. D. Ponce. Incidente sobre liquidación y pago de honorarios. Julio 13, 1937.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, los únicos errores señalados por los apelantes son los siguientes:

"1. La corte erró al no fijar los honorarios separadamente por cada pleito o asunto independiente por los cuales los apelados especificaron los honorarios reclamados a virtud de la orden dictada por el Tribunal Supremo de Puerto Rico en noviembre 7, 1933. (*Franceschi* v. *Corte*, 45 D.P.R. 683 a la pág. 691.)

"2. La corte erró al admitir cualquier evidencia con respecto a los honorarios pagados al abogado Francisco Parra Capó.

"3. La corte erró al declarar que la suma de $68,000.00 era el valor justo y razonable de todos los servicios prestados por los apelados en adición a las otras sumas percibidas por ellos.

"4. La corte erró al declarar sin lugar en todas sus partes las reconvenciones de los Herederos, en vez de compensar el montante de las mismas contra la cuantía concedida a los abogados, en concepto de honorarios.

"5. La corte erró al no imponer las costas a los señores López de Tord & Zayas Pizarro."

POR CUANTO, la corte de distrito procedió correctamente a nuestro juicio al fijar el montante de los honorarios de los abogados en una suma alzada a base del valor razonable de todos los servicios prestados tomándolos conjuntamente y tomando en cuenta la naturaleza del contrato general que un cliente constante, después de considerar (como es de presumirse que se consideró) el valor razonable de los servicios prestados en cada pleito o asunto especificado en el pliego de paticulares, sin que fuera necesario como alega el apelante fijar los honorarios separadamente por cada pleito o asunto independiente, por los cuales los apelados especificaron los honorarios reclamados a virtud de la orden dictada por esta Corte en *Franceschi* v. *Corte,* supra.

POR CUANTO, nos inclinamos a estar conformes con los apelantes en que "la corte erró al admitir cualquiera evidencia con respecto a los honorarios pagados al abogado Francisco Parra Capó".

POR CUANTO, en todo caso, estamos conformes en que la corte erró al declarar que la suma de $68,000.00 era el valor justo y razonable de todos los servicios prestados por los apelados.

POR CUANTO, por no existir error tan manifiesto en la apreciación de la prueba que exija una revocación de aquella parte de la sentencia apelada que declaró sin lugar en todas sus partes las reconvenciones de los Herederos, en vez de compensar el montante de las mismas contra la cuantía concedida a los abogados apelados en concepto de honorarios.

POR CUANTO, no encontramos abuso de discreción alguno por haberse dictado la sentencia apelada sin especial condenación de costas.

POR CUANTO, estamos conformes en que el valor justo y razonable de todos los servicios prestados por los abogados apelados es el de $50,000.

POR TANTO, se modifica la sentencia apelada en su parte pertinente para que lea como sigue: "declarando, como declara, que 'el valor justo y razonable' de todos los servicios de todas clases prestados por los peticionarios interventores, López de Tord & Zayas Pizarro, como abogados, a los herederos de don Francisco María Franceschi, y a los administradores judiciales de la herencia de dicho señor Franceschi, en relación con los bienes o derechos de la misma herencia, es la suma total de cincuenta mil dólares ($50,000.00), y que dicha suma constituye gastos de administración.

"Por la presente se declara, además, que los interventores López de Tord & Zayas Pizarro ya han recibido a cuenta de sus honorarios en este caso la suma de veintiocho mil dólares ($28,000.00).

"Y, por la presente, se condena a los herederos de don Francisco María Franceschi, nombrados José María y Juan Franceschi, Domingo, Salvador y Estrella Leandri y Ángel y Blanca Massari a pagar a los interventores, López de Tord & Zayas Pizarro, dentro de este procedimiento de administración judicial, como gastos de dicha administración y como saldo de los honorarios de dichos interventores, la suma de veintidós mil dólares ($22,000.00).

"Esta sentencia se dicta sin especial condenación de costas." Así modificada, se confirma dicha sentencia.

Los Jueces Asociados Sres. Córdova Dávila y Travieso no intervinieron.