(110 App. Div. 95.)

### HOFF v. ROBERT H. REID & CO.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. REFERENCE—WHEN GRANTED—ACTIONS BY ATTORNEYS AGAINST CLIENTS.

Under Code Civ. Proc. § 1013, authorizing the court to direct a trial of issues of fact by a referee, where the examination of a long account on either side is necessary and the trial will not require the decision of difficult questions of law, a reference should only be ordered in actions by attorneys against clients, where it is apparent that, from the complicated nature of the issues, it is practically impossible for a jury to determine them.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reference, §§ 13, 16, 17.]

2. SAME.

Under Code Civ. Proc. § 1013, authorizing the court to direct the trial of issues of fact by a referee where it will require the examination of a long account on either side, etc., where, in an action by an attorney to recover for services, defendant admitted the rendition of the services set up in a schedule attached to the complaint, comprising 56 different actions, etc., in which the same were rendered, with the exception of two items, but denied the value of the services, a compulsory reference was unnecessary; it appearing that the issue as to such two items and the value of the services could readily be determined by a jury.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reference, §§ 13, 16, 17.]

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Samuel Hoff against Robert H. Reid & Co. From an order of reference, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Robert Goeller, for appellant.
Eugene L'Bushe, for respondent.

O'BRIEN, P. J. The action is brought by an attorney against his client to recover $10,736.68 the alleged value of his services in conducting various litigations and in attending to other legal matters. Attached to the complaint is a schedule setting forth 56 different actions, proceedings, and matters in which the services were rendered, including the incorporation of a company, the acquisition of a site for the erection of its plant, the preparation of contracts, the conduct of over 30 actions, and of other transactions arising in the cours;

of defendant's business. The answer is a general denial, and an affirmative defense of payment.

Upon the pleadings, therefore, it appears that the action is one which will involve the examination of a long account, and where a compulsory reference might properly have been granted under section 1013 of the Code of Civil Procedure; but the defendant upon the motion for a reference, entered into a stipulation whereby it was admitted "for all the purposes of this action, that the plaintiff rendered the services specified in the items of the complaint herein excepting Nos. 54 and 55, but * * * the alleged value of the said services" were denied. This stipulation, in our opinion, obviates the necessity for a reference. The services being all admitted with the exception of two items, the only issues to be determined at the trial are those relating to the rendition of the services mentioned in these two items, and to the value of all the services set forth in the complaint, and these issues can be properly determined by a jury.

In this respect the case is distinguished from Lewis v. Snook, 88 App. Div. 343, 84 N. Y. Supp. 634, affirmed 179 N. Y. 519, 71 N. E. 1133, and Richards v. Stokes, 1 App. Div. 305, 37 N. Y. Supp. 246, relied upon by the court at Special Term in granting the plaintiff's motion for a reference. In the Lewis Case, supra, as appears from the opinion, the court based its decision in affirming the order of reference upon the fact that the "trial of the issues would not only involve an examination of a long account, but also that they are of such a complicated nature as to render a proper determination by a jury practically impossible. A jury would be called upon, not only to keep in mind the amount of each of nearly 100 items, and to pass upon the value of each item of service, but in addition must determine which items proven to be correct were chargeable to the defendant individually, to her as administratrix, or referrable to" the agreement there involved. Although an affidavit was presented in that case to the effect that the defendant would admit upon the trial that the plaintiffs had rendered the services and made the disbursements set out in the complaint, nevertheless this did not materially simplify the issues, for there still remained, as pointed out by the court, not only the issue as to the value of these services, but also the question of whether or not they had been rendered for the defendant individually, and whether the disbursements were properly chargeable against him individually. It is apparent, therefore, that even under the admissions made in the affidavit, an examination of a long account was still necessary and a complicated state of facts was presented for determination.

In the Richards Case, supra, the rendition of some of the services claimed by the plaintiff was admitted in the answer, but their value was denied; payment was alleged as to most of them, and in respect to certain of the services specified, the answer alleged that they were not rendered for the defendant individually, or otherwise than as executor, and that they had been fully paid. Under these circumstances, it was held (headnote):

"That it would be practically impossible for a jury to separate the evidence which was applicable to the services rendered to the defendant as an

individual from that applicable to the services rendered to him as executor, and that for this reason, as well as because of the complexity of the matter, a reference was proper, upon the ground that the case involved the examination of a long account."

In actions by attorneys against clients the trend of the decisions is against ordering a reference, and one should only be ordered in cases where it is apparent that from the complicated nature of the issues it is, in the language of the authorities, "practically impossible" for a jury to determine them. In the present case, as already indicated, there is no dispute except as to the value of the services, and the rendition of such as are enumerated in the two items of the schedule which were not admitted. These issues can readily be determined by a jury, and therefore a compulsory reference was in out opinion unnecessary. Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589; Spence v. Simis, 137 N. Y. 616, 33 N. E. 554; Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518; Cantine v. Russell, 168 N. Y. 484, 61 N. E. 769.

As said in Spence v. Simis, supra, in order to uphold a compulsory reference on the ground that the trial will require the examination of a long account under section 1013 of the Code of Civil Procedure:

"Facts must be disclosed either by affidavit or upon the face of the pleadings, from which the conclusion can be fairly drawn, that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items, and give it the proper weight and application when they retire to deliberate upon their verdict."

It is apparent in the present case that the jury can keep in mind the evidence in relation to the two items of service not admitted, and they are competent to determine the value of all the services which were rendered.

For these reasons we are of the opinion that the order of reference was improperly granted, and must be reversed, with $10 costs and disbursements, and the motion denied without costs. All concur, except PATTERSON, J., who dissents.