RUSSELL et al. v. McDONALD et al.

(Supreme Court, Appellate Division, First Department. May 22, 1908.)

1. REFERENCE—GROUNDS—LONG ACCOUNT—ATTORNEY'S FEES.

While an attorney is not precluded from demanding a compulsory reference in an action for attorney's fees on the ground that the trial will involve the examination of a long account, still the tendency of the courts is to refuse such a reference, except in extreme cases, where it is reasonably apparent that the items are so numerous that the jury cannot hold them in mind and make a proper determination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, §§ 7–23.]

2. SAME—STATUTORY PROVISIONS—"LONG ACCOUNT."

Where services relate to one matter, or can be grouped into so few separate matters that a jury can easily bear them in mind, a compulsory reference is improper, for numerous itemized charges for one matter do not make a "long account," within the meaning of Code Civ. Proc. § 1013, authorizing the court to direct a reference, upon motion of either party without the consent of the other where the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law; and hence, in an action by an attorney for services and disbursements, where the disbursements are insignificant, and of the 25 separate charges for services 3 are retainers, and the remaining 22 relate to services performed in five separate matters, not complicated in character, consisting mainly of consultations, conferences, and negotiations of settlements, a reference should be refused.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, §§ 7–23.

For other definitions, see Words and Phrases, vol. 5, p. 4229; vol. 8, p. 7709.]

Appeal from Special Term, New York County.

Action by William H. Russell and another against Alexander McDonald and others. From an order granting a motion for a reference on the ground that the trial of the action would involve the examination of a long account, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Louis H. Hall, for appellants.
Edward W. Hatch, for respondents.

HOUGHTON, J. The action is to recover the value of services performed by attorneys, and the employment and value are both denied. The bill of particulars furnished by the plaintiffs, in addition to certain disbursements which are insignificant, shows 25 separate charges for services, 3 of which are specified as retainers. The remaining 22 items relate to services performed in only 5 separate matters, and those not of a complicated character, consisting mainly of consultations, conferences, and negotiations of settlements.

While an attorney is not precluded from demanding a compulsory reference, on the ground that the trial of his action to recover the value of his services will involve the examination of a long account (Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518), still the tendency of the courts is to refuse such a reference (Hoff v. Reid & Co., 110 App. Div. 95, 97 N. Y. Supp. 107; Prentice v. Huff, 98

App. Div. 111, 90 N. Y. Supp. 780; Stein v. New York News Pub. Co., 47 App. Div. 550, 62 N. Y. Supp. 579; Hoar v. Wallace, 24 App. Div. 161, 48 N. Y. Supp. 748; Hedges v. Methodist Protestant Church, 23 App. Div. 347, 48 N. Y. Supp. 154), except in extreme cases, where it is reasonably apparent that the items are so numerous that a jury cannot hold them in mind and make a proper determination (Lewis v. Snook, 88 App. Div. 343, 84 N. Y. Supp. 634; Clinch v. Henck, 49 App. Div. 183, 62 N. Y. Supp. 1058; Richards v. Stokes, 1 App. Div. 305, 37 N. Y. Supp. 246).

Numerous itemized charges for one matter do not make a long account, within the meaning of section 1013 of the Code. Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589. Where the services relate to one matter, or can be grouped into so few separate matters that a jury can easily bear them in mind, a compulsory reference is improper. We are of the opinion that such is the situation in the present action. The services rendered in each of the five separate matters can be testified to, and the aggregate value of each given, and there will be no difficulty in a jury bearing them in mind, and ascertaining the value of each, and computing the total value of all.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.