BERNARD J. YORK and Another, Plaintiffs, *v.* McKEEVER COMPANY, Defendant.

(Supreme Court, New York Special Term, December, 1917.)

**Attorneys — action for legal services — trial — evidence — when motion for compulsory reference granted.**

Where, in an action by attorneys to recover for legal services some of which were rendered not for the defendant corporation but for individuals connected therewith, there was presented a large number of subjects of employment that had no relation to each other nor apparent connection except the fact that they were rendered by plaintiffs for defendant, and it is probable that it would be impossible for the jury to keep in mind the evidence in regard to each of the many items of the claim and to give that evidence its proper weight and application, a motion for a compulsory reference of the issues will be granted.

Motion by the plaintiffs for an order referring. this action to a referee to hear and determine.

York & York, plaintiffs in person (Bernard J. York, of counsel), for motion.

Louis D. Schwartz, opposed.

Giegerich, J.   The plaintiffs by this motion seek a compulsory reference of the issues of fact in this action. The action is brought to recover a balance of $2,918.06 for legal services alleged to have been performed and disbursements made by the plaintiffs for the defendant at its special instance and request, which services are alleged to be reasonably worth the sum of $3,918.06, the complaint stating that $1,000 was paid on account thereof.   It appears from the papers submitted that in addition to numerous items of disbursements there are more than fifty different items in the plaintiffs' claim for legal services, all of which items are for separate services, none having any relation to any of the others. The amended answer puts in issue the value of all the services rendered and the disbursements made and, furthermore, denies that thirteen of the items of services, including the most important, and also some of the most important items of disbursements, were rendered or made at the instance or for the account of the defendant.   The amended answer also denies the allegations of the complaint concerning the payment by the defendant of $1,000 on account of the alleged services and concerning the balance claimed to be due and sets up the Statute of Limitations as to a number of the items.   So far as concerns the items of services which are admitted to have been performed, but the value of which is disputed, some of those items are for services of small value and of a formal character, such as making reports to the federal and state governments and

drawing deeds and chattel mortgages; but, on the other hand, upwards of half of them are apparently of such a character that considerable testimony will have to be taken and a number of facts considered in arriving at a correct valuation of such items, which include several litigated matters, besides adjustments of what appear to be claims and disputes. Furthermore, there are upwards of twenty items of disbursements made in connection with the services so admitted to have been rendered. The decisions are not entirely clear as to when a compulsory reference should be granted in an action by an attorney to recover for legal services rendered. There is, however, a well-recognized test laid down and that is that where so many separate and distinct matters have to be litigated that a jury could not keep the evidence in mind in regard to each of the items and give it its proper weight and application when they retired to deliberate upon their verdict then a reference should be ordered. *Spence* v. *Simis,* 137 N. Y. 616; *Russell* v. *McDonald,* 125 App. Div. 844; *Richards* v. *Stokes,* 1 id. 305; *Clinch* v. *Henck,* 49 id. 183; *Hedges* v. *Methodist Protestant Church,* 23 id. 347. As above shown, the present case presents a large number of subjects of employment that had no relation to each other nor any apparent connection except the fact that they were rendered by the same attorneys for the same client. In *Clinch* v. *Henck, supra,* it appears from the opinion of the court that there were at least twenty different subjects of employment embraced in the services claimed to have been rendered by the plaintiff. As there was a general denial, the court observed that each one of the items in the plaintiff's bill of particulars would have to be examined and proven under the issue framed as if it were a separate cause of action. That, I think, is equally true of the present case. In *Richards* v. *Stokes, supra,* Presiding Justice Van Brunt called

attention to the fact that it would be impossible for the jury to separate the services which were rendered for the estate and those which were rendered for the defendant individually in that case. In the present case we have an analogous situation, because here it is claimed that some of the services were performed not for the defendant corporation, but for individuals connected with the corporation. Considering all the facts presented by the pleadings and the affidavits, I am of the opinion that it would be impossible for the jury in this case to keep in mind the evidence in regard to each of the items and to give that evidence its proper weight and application, and I therefore grant the motion, with ten dollars costs.

Motion granted, with costs.