José María Franceschi et al., Petitioners, *v.* District Court of Ponce et al., Respondents.

No. 896.  Argued May 6, 1933.—Decided November 7, 1933.
Rehearing denied November 22, 1933.

*Henry G. Molina* and *M. León Parra* for petitioners.  *López de Tord
& Zayas Pizarro,* in their own behalf.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the
Court.

Messrs. López de Tord and Zayas Pizarro, attorneys for
the judicial administrator in the testamentary proceedings
brought by the heirs of Francisco María Franceschi, filed a
detailed statement of the professional services which, as they
claim, they rendered to the judicial administration.  They
estimated the value of said services at $125,000, and declared
that due to the character of the property constituting the
estate of the heirs of Franceschi, the amount thereof, the
diversity of suits brought by and against the heirs, the char-
acter of the services rendered, and other circumstances which
appear of record, the entire estate has been in a certain aspect
under their control, there being no part thereof about which
they had not to discuss, defend, or in some way intervene.
They alleged that their efforts as regards the heirs of José
María Franceschi have been of a universal character, and
similarly as to those that concerned the relations and dif-
ferences arising among the heirs themselves, which have been
settled and adjusted with the intervention and advice of the
claimants.  Due to the diversity of the steps taken and the
intimate connection existing between the latter, the said at-
torneys assert that "it becomes impossible to determine or
assign a separate valuation to each item, or to any group of
services stated in detail, inasmuch as said services or steps
have been immediately related to one another."  It is for

that reason that a lump sum of $125,000 has been fixed as the value of the services rendered.

The heirs objected to the amount claimed by the attorneys for their professional services, and thereupon the latter requested that in accordance with the provisions of section 205 *et seq.* of the Code of Civil Procedure referees be appointed to determine the matter in controversy. Messrs. López de Tord and Zayas Pizarro maintained that the liquidation and determination of their fees required the examination of a long account, and that the appointment of referees was in accordance with the Law of Civil Procedure.

The heirs denied that the liquidation and determination of the said claim required the examination of a long account or of any account at all, and that section 205 *et seq.* of the Law of Civil Procedure are applicable to the instant case. They also alleged that should this defense not prevail, the court, in the exercise of its discretion, should not issue the requested order and commit the determination of the matter to the distinguished attorneys named by Messrs. López de Tord and Zayas Pizarro as acceptable candidates for the reference, or to any other attorneys of Ponce, for all of them are friends or neighbors of Messrs. López de Tord and Zayas Pizarro, and as such they could not act in a disinterested way, since they would be inclined to favor their friends and colleagues, or would tend as far as possible not to displease them by making a finding against them.

The heirs admitted that Messrs. López de Tord and Zayas Pizarro were engaged as attorneys and that they rendered services to the judicial administration, but they considered the amount claimed as excessive, and maintained that the value of each suit or proceeding should be stated in the claim for services. Mr. Pablo Vecchini, attorney in fact of one of the heirs, so testified at a hearing; when referring to Mr. Zayas Pizarro, he said: " . . . and he presented an account to the court practically without fixing any price, for

if Mr. Zayas Pizarro assigned to each suit, to each proceeding, a price, I would like to know how he would manage to reach $125,000. That is why I would like to have him assign a price to each case.'' These statements are substantially reproduced in the motion made by the heirs in connection with the order of August 9, 1932, directing a hearing on the claim filed by the attorneys. On that occasion the heirs demanded that the court should not consider the said claim as regards the fees ''unless the sum claimed for each of the different proceedings be stated by the attorneys in their petition or in a detailed account accompany the same, not for each isolated service, but for each proceeding, as for instance, the mortgage foreclosure proceeding brought against the 'Knights of Columbus,' and likewise for each of the different proceedings instituted by Messrs. López de Tord and Zayas Pizarro in representation of the judicial administrator or administrators.'' The attorneys argue that it becomes impossible to separately value each item or any group of services stated in detail, and insist upon the account they have presented for their services, which is not a long account in our opinion. A lump sum is fixed, covering all the services said to have been rendered to the judicial administration, and it is alleged that these services constitute a long account. We do not agree. Professional services may, in certain cases where special circumstances are present, involve a long account, but we think that such a case has not been presented on this occasion, and that there was no justification for granting the petition of the attorneys: We regard as very appropriate the following statements of Judge Todd which appear in the record:

''Mr. Zayas Pizarro has spoken of the account, but in reality the firm López de Tord & Zayas Pizarro has not filed any account; it has filed a statement of work done, but the same has not been valued. It seems to me that it has been of very little use to the estate and to the heirs, because they cannot make a calculation as to the value of such services, since some attorneys might appraise those services

at a price which might differ from that estimated by other attorneys; Mr. Zayas Pizarro should have understood this to be so and should have orderly assigned the respective prices, and the heirs would have then known more or less the value of such services, for what we now have is only a statement, to wit: In such an action this and this was done, and the like, a statement of all the services, letters, and consultations; but strictly speaking it is not an account, for no value has been assigned thereto; the interested party did not assign a value to it.''

In *Russell* v. *McDonald*, 125 App. Div. 844, 845, the court expressed itself thus:

''While an attorney is not precluded from demanding a compulsory reference on the ground that the trial of his action to recover the value of his services will involve the examination of a long account (*Feeter* v. *Arkenburgh,* 147 N. Y. 237), still the tendency of the court is to refuse such a reference (citations) except in extreme cases where it is reasonably apparent that the items are so numerous that a jury cannot hold them in mind and make a proper determination. (Several cases cited.)''

The argument that in certain cases the items are so numerous that a jury can not hold them in mind, which is heeded so much by the American courts, is without any merit whatsoever among us, as we have no jury trials in civil cases. This does not mean that the professional services of an attorney can not be the object of a reference in really exceptional cases or that the insular courts do not have power to order such reference, but it is evident that one of the fundamental reasons availed of by the American courts can not be considered in Puerto Rico.

We transcribe below the opinion delivered by Judge Laughlin in *Pace* v. *Amend,* 164 App. Div. 206, wherein the attorneys Francis P. Pace and Henry C. S. Stimpson claimed a lump sum for their professional services:

''The action is brought by a firm of attorneys to recover $100,000 for professional services rendered on a *quantum meruit.* The allegations of the complaint are brief and merely to the effect that the services were rendered between the 12th day of October, 1912, and

the commencement of the action, in which the summons bears date the 7th day of August, 1913, and were performed 'in and about the acquisition, development and exploitation of certain patents and the subject-matter thereof, as well as concerning the organization and operation of the defendant Wolfram Wire Company.' The answers of the appellants are general denials. The plaintiffs have furnished a bill of particulars of the services alleged to have been rendered, containing a great number, of items and extending over forty-five pages of the printed record. It is not alleged in the complaint, and it does not appear by the bill of particulars, that the plaintiffs claim that there was a separate employment for each item of services set forth in the bill of particulars; and it is manifest therefrom that the entire services relate to comparatively few matters only, and all relate directly or indirectly to the two subjects specified in the complaint, namely, the patents of the organization or operation of the defendant company.

"I think the fair construction of the allegations of the complaint is that there was but a single retainer in the case at bar, and the value of the services is claimed to be $100,000. Counsel for respondents seeks to sustain the order of reference on the ground that all the items of services and the value thereof are controverted. As the plaintiffs have presented the issue, it will not be necessary to determine separately the value of the various items of services performed. They estimate their claim to recover upon the basis of the reasonable value of all the services performed taken together. The questions to be litigated will be whether the plaintiffs were employed and the value of the services rendered, to be determined as a simple charge, or by ascertaining the value of the services relating to particular matters in the course of the employment. It is not apparent that this will involve the examination of a long account within the meaning of section 1013 of the Code of Civil Procedure. The fact that it will become necessary to consider various items of services in determining the value of all the services rendered under a general retainer does not involve the examination of a long account and render the action referable. (*Prentice* v. *Huff*, 98 App. Div. 111; *Russell* v. *McDonald*, 125 id. 844; *Feeter* v. *Arkenburgh*, 147 N. Y. 237; *Randall* v. *Sherman*, 131 id. 669.) A party cannot be deprived of a trial before the court or jury unless the case clearly falls within the provisions of said section 1013 of the Code of Civil Procedure (*Steck* v. *C. F. & I. Co.*, 142 N. Y. 236; *Spence* v. *Simis*, 137 id. 616); and it has been held that the burden rests upon the party moving for the order of reference to show affirmatively with reasonable certainty

that the trial will involve the examination of a long account. (*Smith* v. *London Assurance Corporation,* 114 App. Div. 868.)

"These requirements are enforced with special strictness where attorneys move for a reference of issues involving their claims for professional services. (*Russell* v. *McDonald, supra.*) The respondents rely upon *Lewis* v. *Snook* (88 App. Div. 343; affd., 179 N. Y. 519); but there it appeared that it was necessary to determine separately, the value of forty-five different items of services, and even in that case the reference was sustained by a bare majority vote in the Appellate Division. The Court of Appeals expressed no opinion with respect to the propriety of the order of reference in that case, but merely held that section 1013 of the Code of Civil Procedure conferred authority to make the order. We are of opinion, that the plaintiffs failed to show that they were entitled to have the issues referred.''

If, as Messrs. López de Tord and Zayas Pizarro say in their brief, "the lower court reached the conclusion that the services rendered in this case by the attorneys were a part of only one retainer," this does not favor their contention, either.

In *Hedges* v. *Meth. Church of Williamsburgh,* 21 Misc. Rep. (N. Y.) 174, Judge Russell expressed himself thus:

"It is clear that in an action for services to be proven as upon a *quantum meruit,* a compulsory reference cannot be had solely because the plaintiff splits his charges upon one retainer into numerous items all of which may be grouped upon the trial in one estimate of value. *Randall* v. *Sherman,* 131 N. Y. 669; *Untermyer* v. *Beinhauer* 105 id. 521; *Feeter* v. *Arkenburgh,* 147 id. 237.

"It is practicable for a jury in listening to the detailed statement for services rendered in the litigation, to group together the work done and form an estimate as to the value of the whole, even though many very different steps were taken in the rendering of the service. But the design of the Code in rendering an issue involving the examination of a long account referable, is to place the trial before a tribunal which can read over the testimony as to the various items, and act partially as an accountant as well as judge in aggregating the amount which should be finally awarded as the sum total of the amounts found upon each separate service. It would be unjust to a suitor to ask that a bill for services and disbursements, composed of many items which could not be grouped together as a whole, be

passed upon by a jury, no member of which could take notes of the various items or have his memory refreshed by an examination of the testimony before decision, even if they were as well qualified as a referee in judging of the value of such acts of service. This view has been adopted in a case of great importance by the courts of this state and its force has not yet been questioned. *Ruger* v. *Belden,* 27 Hun. 405; affirmed, 91 N. Y. 646.''

In the opinion of the court, delivered by Judge Hatch, in *Prentice* v. *Huff,* 98 App. Div. 111, a number of decisions are cited which reveal the caution with which the courts act when the services rendered by an attorney are sought to be referred upon the basis that the same constitute a long account, and it is said that ''no case can be found where it has been held that the services of an attorney rendered in an action, or actions, under a single or different retainers, which merely involve charges in connection with the various steps in the litigation, constitute a long account. On the contrary, the charge in each action, although the service be permissible of exhaustive itemization, is essentially a single charge respecting each action and exceptional circumstances must be made to appear in order to remove the case from the operation of such rule.'' In the last paragraph of said opinion, Judge Hatch says:

''It also appears that the services rendered by the plaintiffs will not be the subject of a contest upon the trial, although there is a general denial which would authorize it. The main contention in the present case relates not to the particular service rendered, but to the value of the service. The issue for litigation relates to such matter and the skillfulness and diligence of the attorneys in and about its performance. The defendant Eunice E. Huff's counterclaim does not present in any sense a long account. The issue involved thereunder is single. Did the plaintiffs in the performance of the service exercise the diligence and skill which the law requires? This question answered in the affirmative, the plaintiffs are entitled to recover the reasonable value for the service rendered. If answered in the negative, the damage which flows from particular acts of negligence or unskillfulness is essentially a question for the jury. Upon such issue standing alone a reference would not be permissible, save under ex-

ceptional circumstances. (*Hoffman* v. *Sparling,* 12 Hun, 83; *Abbott* v. *Corbin, supra.*) The cases in which a reference is permissible of this character must involve peculiar circumstances. (*Rowland* v. *Rowland,* 141 N. Y. 485; *Boisnot* v. *Wilson,* 95 App. Div. 489.) Such questions are not presented in this case. Upon the issue of diligence and skill the defendants are entitled to a trial by jury unless peculiar circumstances exist, and in order to grant a compulsory reference upon the theory that a long account is involved it must so be made to appear affirmatively and clearly. It is not so shown in the present case.''

The Code of Civil Procedure of New York, like our own code, provides that a reference may be ordered when the question in controversy involves the examination of a long account. The decisions we have cited above construe the provision which appears in section 1013 of the former code.

We admit that in Puerto Rico, where there is no right to a jury trial in civil cases, there is more freedom to act upon the propriety or impropriety of a reference than on the Continent, where the courts naturally take special care in not depriving a party against its will of the right to be tried by a jury, but we hold that when attorney's fees are claimed and the existence of a long account is alleged, a reference should only be directed in exceptional cases, for, as said New York court states in *Russell* v. *McDonald, supra,* a party can not be deprived of a trial by the court or by a jury unless the case clearly falls within the provisions of the Code of Civil Procedure.

From the record no basis whatsoever appears justifying a reference. A lump sum is claimed for all the services said to have been rendered, and not even the value of each suit is fixed, as the heirs point out and as should be done by the attorneys who seek to collect their fees. ''That it is the duty of an attorney to itemize, so far as practicable, his services and charges to his client in a bill of particulars in an action against his client is well settled; but it seems necessary for the court to restate it from time to time.'' *Pace* v. *Amend,* 164 App. Div. 211. In that case it was said that the services

rendered should be itemized, as well as the value of each service, and that the valuation of each detail is not required, but a valuation of the services rendered which may be by way of a lump sum for each of the suits or proceedings.

To conclude we shall copy the following extract from the opinion delivered in *Abbott* v. *Corbin,* 22 App. Div. 584:

"We adopt and approve the language of the court in *Martin* v. *Windsor Hotel Company* (10 Hun, 304), as follows: "There is no fixed rule which prevents the reference, of an attorney's account for services, to another attorney, and yet courts should be careful to avoid referring such cases to members of the same profession where there appears upon the face of the claim good reason to suppose that the client's resistance on the ground of exorbitance and oppression may prove to be well founded. It is not because such referees will not do equal and full justice to the parties, but because of a general impression that on questions of compensation for legal services, lawyers may not be, and sometimes are not, unprejudiced in determining values. A physician is not chosen as referee on physician's accounts, nor are clergyman when a pastor sues for the value of his services, and so, also, as to all other trades and professions, and in the popular mind it is, not without some show of reason, thought invidious that lawyers only should be selected to determine the claims of lawyers. It is better for the profession and for the courts that this should not be so, and the honor and well being of the profession requires that lawyers should not be thought to shirk from an examination of their charges by a jury enlightened by the opinions of other lawyers as witnesses and by the instructions of the courts.' "

The heirs argue that a reference would mean considerable additional expense to them, and that "these expenses could be avoided if the claim were determined before the court itself, in the same manner and form as all other claims for attorney's fees are customarily determined in Puerto Rico."

Every effort that tends to avoid further expense to the judicial administration seems reasonable to us. The fundamental question which appears to be involved in this case is as to the amount claimed by the attorneys as compensation, which the heirs consider excessive. Aside from the fact that as we have already said, a reference would not be proper

in this case, we are of opinion that the District Court of Ponce may determine the issue without great difficulty.

For the reasons stated the order issued by the District Court of Ponce on January 27, 1933, must be vacated, and the case remanded to said court for further proceedings in accordance with the terms of this opinion.

ON MOTION FOR REHEARING

November 22, 1933

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The attorneys López de Tord and Zayas Pizarro move for a reconsideration of the judgment rendered by this court on November 7, 1933, vacating the order of reference entered by the District Court of Ponce on January 27, 1933. In our opinion, no sufficient grounds to justify the reconsideration sought have been submitted. Therefore, we deny the motion of the said attorneys.

Our attention is called however, to the fact that we have erroneously quoted certain statements of Judge Todd with respect to a detailed statement of services rendered by Messrs. López de Tord and Zayas Pizarro. The words of Judge Todd to which the said attorneys refer, are as follows:

"Mr. Zayas Pizarro has spoken of the account, but in reality the firm López de Tord & Zayas Pizarro has not filed any account; it has filed a statement of work done, but the same has not been valued. Is seems to me that it has been of very little use to the estate and to the heirs, because they cannot make a calculation as to the value of such services, since some attorneys might appraise those services at a price which might differ from that estimated by other attorneys; Mr. Zayas Pizarro should have understood this to be so and should have orderly assigned the respective prices, and the heirs would have then known more or less the value of such services, for what we now have is only a statement, to wit: In such an action this and this was done, and the like; a statement of all the services, letters, and consultations; but strictly speaking it is not an account, for no value has been assigned thereto; the interested party did not assign a value to it."

The foregoing remarks, made on May 19, 1932, refer to a detailed statement, without valuation, which Messrs. López de Tord and Zayas Pizarro presented on May 25, 1931, concerning their professional services rendered from May 18, 1928, to June 30, 1931. This detailed statement of services, without valuation, was presented in connection with the request made by José María Franceschi and Pablo Vecchini that the attorneys submit their account. The rendering of this account was first requested in May, 1930, according to José María Franceschi, or in March, 1931, according to the attorneys. As we said before, Judge Todd in his statements made reference to this detailed statement of unvalued services which the attorneys have called an account. Afterwards the said attorneys presented a detailed statement of all their services which they valued in the lump sum of $125,000. Messrs. López de Tord and Zayas Pizarro maintained in their brief that Judge Todd did not declare that the statement of services of August 25, 1931, was not an account of fees. The words of Judge Todd are self-explanatory. Said judge further declared that in the above-mentioned statements only the last ten months which elapsed since the presentation of the document remained to be covered, it being a question for the attorneys to determine whether the valuation should be made in detail or as a whole.

With this explanation, we state once more that in our opinion there is no basis for the granting of a compulsory reference; that a detailed statement of professional services valued in the lump sum of $125,000 does not constitute a long account; and that such exceptional circumstances as would justify said reference are not present in this case, in accordance with the views expressed in our opinion and the decisions therein cited.