Arthur E. Blyh, J.
When is a long account .not a ‘ ‘ long account ”? That is the question posed by this motion which seeks a reference under the provisions of CPLR 4317 (subd. [b]).
The underlying cause of action is one for attorney’s fees.
CPLR 4317 (subd. [b]) provides that without consent of the parties: “On motion of any party or on its own initiative, the court may order a reference to determine a cause of action or an issue where the trial will require the examination of a long account, including actions to foreclose mechanic’s liens; or to determine an issue of damages separately triable and not requiring a trial by jury; or where otherwise authorized by law.”
Plaintiff’s theory, in support of this motion, is that by reason of the fact that the services rendered encompassed 35 motions and 6 separate actions and summary proceedings Ms cause of action falls within the ambit of a “ long account He points to the seven pages of his bill of particulars enumerating the various services performed in support of this contention.
CPLR 4317 (subd. [b]) has an interesting history. It probably is one of the earliest statutory enactments to come down with substantially similar content. Its original predecessor was adopted by the Colony of New York on December 31,1768. Deferences of actions pending in the common-law courts for trial before a referee were not known to the common law. The need for ¡such a departure from .the common law arose out of disputes *669 between merchants which involved voluminous records and accounts and required much time in presentation. It apparently was not so much that the courts were overburdened as it was the belief that such disputes were difficult for juries to cope with that led to this first procedure for a reference of a dispute involving a long account. There was so much reluctance to depart from jury trials that the first statute providing for a reference was limited to short periods of time and then was permitted to lapse. A similar procedure was revived in 1788. Since that time it' has come down to the present with some small modifications and is now known as CPLR 4317 (subd. [b]). During all of the intervening years there has been mnch litigation most of it involving efforts by defendants to set forth alleged long accounts as counterclaims and then demanding references. Because such a reference would deprive the plaintiff of his right to a trial by jury the courts developed a series of rationales which restricted the area in which a reference would be directed by the court.
In this case it is an alleged 1 ‘ long account” in plaintiff’s cause of action that is the subject of the motion. There is a counterclaim in defendant’s answer involving a claim for damages arising out of alleged negligence on the part of the plaintiff.
In the reported cases dealing with suits for attorney’s fees the courts have demonstrated that they do not look with favor on references involving professional services. (Russell v. McDonald, 125 App. Div. 844; Thibaudeau v. City of Niagara Falls, 239 App. Div. 644; Pace v. Amend, 164 App. Div. 206; and Kennedy v. Central School Dist. No. 1, 254 App. Div. 822.)
The court in Pace v. Amend (supra) pointed out that the plaintiffs in that case submitted a bill of particulars as to the professional services rendered which contained a great number of items and extended over 45 pages of the printed record. The court also indicated that the pleadings and the bill of particulars revealed that the entire services related to comparatively few separate matters and all related directly or indirectly to two subjects specified in the complaint. The court emphasized that the requirements in a reference are enforced with strictness where attorneys move for a reference of issues involving claims for professional services. (Russell v. McDonald, supra.)
Motion is denied.